Two Rivers Dredge & Dock Company, Respondent, vs.
Maryland Casualty Company of Baltimore, Appellant.

*October 8—November 6, 1918.*

*Insurance: Employer's liability: Indemnity for payment under
workmen's compensation law: Estoppel.*

1. In an insurance policy providing for indemnity against loss
from the liability imposed by law on account of accidental
injuries suffered by employees of the insured in certain
places, including the state of Ohio, it was stipulated that
"unless specifically indorsed hereon, this policy does not cover
any obligation . . . imposed upon the assured by any workmen's compensation . . . law." A workmen's compensation
law previously enacted in Ohio went into effect after the
policy was issued. The insurer knew and the assured was
ignorant of that law, but no deception was charged. *Held,*
that the insurer was not estopped to deny its liability in
respect to a payment which the insured was obliged to make
to an employee under said Ohio law.
2. Since the premium paid on said policy at no time included a
charge for indemnity against loss imposed by workmen's
compensation laws, the retention of the premium by the insurer could not operate to invalidate the stipulation excluding
such indemnity.
3. While a forfeiture of benefits contracted for may be waived,
the doctrine of waiver or estoppel cannot be successfully
invoked to create a liability for benefits not contracted for
at all.

Appeal from an order of the circuit court for Manitowoc
county: Michael Kirwan, Circuit Judge. *Reversed.*

This is an action brought by the plaintiff to compel the
defendant to indemnify the plaintiff on a contractor's employer's policy. In this contract, dated June 28, 1913, the
defendant agreed to indemnify the assured "against loss
from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting
therefrom, accidentally suffered by any employee of the assured while engaged in the occupation and at the places
mentioned" in the policy and occurring within the year from
the date of the policy and ending June 28, 1914. The policy

covered work performed on plaintiff's dredges and tugboats operating on the Great Lakes and the rivers in Wisconsin, Ohio, and Pennsylvania. One of the provisions of the policy reads as follows: "Unless specifically indorsed thereon, this policy does not cover any obligation assumed by or imposed upon the assured by any workmen's compensation agreement, plan, or law." On September 1, 1913, an indorsement was made in writing on the policy that "this policy is extended to cover the liability of the assured" under the Wisconsin workmen's compensation law.

The defendant claims that under the provisions of the policy it is not obligated to plaintiff upon any liability imposed by the workmen's compensation act of Ohio, and hence is not liable to indemnify plaintiff for any loss sustained by plaintiff under such compensation act.

The complaint asserts that on June 15, 1914, at Cleveland, Ohio, while the policy was in force, an employee of the plaintiff, Michael Tinker, was accidentally drowned while in discharge of his duties and while performing work for the plaintiff mentioned in the policy; that claim for compensation was duly filed by Tinker's mother and his legal representatives with the industrial commission of Ohio; that the commission made its award adjudging that the plaintiff pay as compensation on said claim $2,143.33 and also $95 funeral expenses; that plaintiff has paid this award in full; that defendant refused to defend against the claim and to pay the award or any part thereof and refused to indemnify plaintiff for having paid the same.

The complaint further alleges that there was full compliance on the plaintiff's part with every requirement of the policy essential to recovery if, at the time of its occurrence, the accident in question was covered by the policy; that the workmen's compensation act of Ohio went into effect January 1, 1914, long after the date of the policy; that the defendant knew of the law from the time of its passage, while the plaintiff had no knowledge thereof prior to said acci-

dent, and that defendant up to the time of said accident never informed plaintiff of the existence of such a law and never canceled the policy nor returned or offered to return any part of the premium paid therefor; that while the policy was executed and delivered at Two Rivers, Wisconsin, the place of plaintiff's location and office and principal business, the plaintiff was assured by defendant's local agent and its general agents in Milwaukee that the policy covered all accidents to plaintiff's employees in Ohio; that after the accident defendant's general agents in Milwaukee requested plaintiff to send one of its officers to Milwaukee to make proof of loss on account of the accident; that plaintiff did so, thereby incurring expenses of $8 in making such proof, which was sent to defendant, and plaintiff was assured by defendant's agents that the defendant would indemnify plaintiff for the accident; that in 1913 and 1914 and thereafter it was the general custom in Wisconsin for corporations which issued such indemnity policies to give notice immediately to the assured of any fact or event which would change or nullify such a policy, and that plaintiff relied upon that custom, but that defendant never gave plaintiff notice that the policy had been invalidated by any law of Ohio or that defendant would not perform the contract on its part.

The defendant demurred to the complaint on the ground that it appears on the face of the complaint that the same does not state sufficient facts to constitute a cause of action. The trial court overruled the demurrer, from which order appeal is taken by the defendant to this court.

The cause was submitted for the appellant on the brief of *Robert R. Freeman*, attorney, and *Henry J. Bendinger*, of counsel, both of Milwaukee, and for the respondent on that of *Markham & Markham* and *Hougen & Brady*, all of Manitowoc.

SIEBECKER, J.   The trial court held that the defendant is estopped from taking advantage of the provision of the policy excluding indemnity for obligation imposed on plaint-

iff by any "workmen's compensation agreement, plan, or law." This ruling by the court is based on the grounds that, from the time its contract was made, the defendant knew, and the plaintiff was ignorant of, the existence of the Ohio workmen's compensation law, and therefore plaintiff believed that it was fully indemnified against loss imposed by law upon it for damages resulting from accidents suffered by its employees in the state of Ohio. It is to be borne in mind that the complaint does not charge that the plaintiff was deceived into making the agreement that the policy did not cover any obligation assumed or imposed by any workmen's compensation law. The complaint admits this stipulation was a part of the policy as accepted by it, but claims that the existence of such Ohio law resulted in destroying all indemnity it had originally secured by the policy, and that its ignorance of such fact, which was known to defendant, estops defendant from relying on this stipulation in the policy.

It is not correct to say, as the trial court seemingly held, that the concealment and assurances of defendant's agents that the policy as written covered all accidents to its employees in the state of Ohio affects the validity of this stipulation in the policy. The plaintiff understood and accepted this stipulation in the policy. There is nothing in the conduct of the parties to justify the conclusion that the plaintiff was led to believe that this stipulation did not cover any obligation imposed on plaintiff by the Ohio workmen's compensation law. To enforce an estoppel as claimed by plaintiff would not only nullify a part of the policy agreed to by both parties, but would also operate to extend the contract to a liability which the parties understood and expressly agreed should not be covered by the contract. As was stated in a recent case in this court:

"The objection here does not go to the validity of the policy, which might be overcome by the larger evident intention that indemnity was intended, nor to a forfeiture or loss

Two Rivers D. & D. Co. v. Maryland C. Co. 168 Wis. 96.

of a right or claim thereunder, but concerns only the scope of the insurance. . . . There might be waiver of a forfeiture or of a breach of contract, but waiver as a ground for extending the scope of a written contract beyond the usual and ordinary meaning of the language employed would be quite a novelty." *Rosenthal v. Ins. Co. of N. A.* 158 Wis. 550, 149 N. W. 155.

We are cited to *Welch v. Fire Asso.* 120 Wis. 456, 98 N. W. 227, and other authorities in this court on which the trial court placed reliance in sustaining the complaint. These authorities deal with instances where stipulations in policies were held ineffective upon the ground that the act and conduct of the parties showed an intent that indemnity was intended to be given though such provision expressed a contrary intent and where forfeitures and loss of rights thereunder had been waived by the acts of the insurer.

"While a forfeiture of benefits contracted for may be waived, the doctrine of waiver or estoppel cannot be successfully invoked to create a liability for benefits not contracted for at all." *McCoy v. Northwestern M. R. Asso.* 92 Wis. 577, 585, 66 N. W. 697.

The contention that retention by defendant of the full premium paid for the policy for the period of one year operated to invalidate the provision excluding indemnity of liabilities imposed by the workmen's compensation law of Ohio, is not well founded, since the premium was paid for indemnity provided by the terms of the policy, which persisted to the end of the policy period, and at no time included a charge for indemnity against loss imposed by the workmen's compensation laws. It follows that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action.

*By the Court.*—The order appealed from is reversed, and the cause remanded to the circuit court with direction to enter an order sustaining the demurrer.