PORTER, Respondent, vs. INDUSTRIAL COMMISSION and another, Appellants.

WISCONSIN STATE REGISTER COMPANY, Respondent, vs. SAME, Appellants.

*December 17, 1920—February 8, 1921.*

*Workmen's compensation: Findings of industrial commission: Inferential facts found: Weight on review: Jurisdiction of industrial commission: Award obtained by fraud.*

1. A finding by the industrial commission that plaintiff was not an "employee" within the contemplation of the workmen's compensation act (sec. 2394—7, Stats.) is a finding of fact and cannot be disturbed by the court where the evidentiary facts, though not conflicting, permitted different inferences, the term "fact" including the inferences or inferential facts drawn by the trier from ascertained facts.

2. The rights established by the compensation act cannot be enlarged, restricted, or modified in respect to claims and liabilities within their scope.

3. The jurisdiction of the industrial commission is limited by the compensation act (sec. 2394—15) to the determination of disputes concerning compensation, and, on finding that a claimant was not an employee of the insured employer, the commission has no jurisdiction to adjudicate questions between the employer and the insurer as to their contract rights.

4. In actions by an applicant under the compensation act and by the insured employer against the insurer to review the order of the industrial commission denying compensation, based on a finding that claimant was not an employee, allegations that the insurer led plaintiffs to believe that the contract of insurance recognized claimant as an employee, and that the employer in good faith acted on such representation and accepted the policy on the ground that it included the claimant as an employee, do not show a right to relief on the ground that the award was obtained by fraud.

APPEALS from judgments of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

These actions, which are presented together, arose from the application of the defendant, *A. A. Porter,* for an award of compensation. In one case *A. A. Porter* is plaintiff, in the other the *Wisconsin State Register Company* is plaintiff.

*A. A. Porter,* president and chief stockholder of the *Wisconsin State Register Company,* suffered a severe injury to one of his eyes while waiting on a customer in the stock room of the *Wisconsin State Register Company.* He made claim for compensation before the *Industrial Commission,* and the *Travelers Insurance Company* contested his claim. The *Industrial Commission* filed an award finding certain facts and concluded he was not an "employee." For this reason the *Commission* denied him compensation under the workmen's compensation act.

*Porter* and the *Register Company* thereupon each brought a separate action in the circuit court for Dane county for a review of the *Commission's* order denying compensation. The *Register Company* also claims damages under the terms of the insurance policy.

The trial court decided that the undisputed evidence disclosed that *Porter* was an employee of the *Register Company* within the meaning and terms of the workmen's compensation act at the time he was injured, and remanded the case to the *Commission* for further proceedings. From this decision the *Industrial Commission* and the *Insurance Company* appeal to this court.

The complaint in the *Register Company's* action is the same as that in the *Porter Case,* except that it alleges that for many months following the alleged injury *Porter* was wholly incapacitated from working and during that time the *Register Company* paid to him his wages in an amount equal to or in excess of the compensation provided by the workmen's compensation act. The company asks that it be reimbursed to the amount paid by it to *Porter* during the

time he was incapacitated, and alleges that it is entitled to an award therefor against the defendant *Insurance Company*.

For the appellant *Industrial Commission* there were briefs by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, and oral argument by *Mr. Gilman.*

For the appellant *Travelers Insurance Company* there were briefs by *Olin, Butler, Stebbins & Stroud* of Madison, and oral argument by *Byron H. Stebbins.*

For the respondents *Porter* and *Wisconsin State Register Company* there were briefs by *Stroud & Stroud* of Portage, attorneys for *A. A. Porter,* and by *E. S. Baker* of Portage, attorney for *Wisconsin State Register Company,* and the cause was argued orally by *W. S. Stroud* and *P. C. Stroud.*

SIEBECKER, C. J.  The fundamental issue in these actions presents the inquiry, Did the *Industrial Commission* correctly find that the plaintiff, *Porter,* at the time he sustained the injury to his eye in November, 1916, was not an employee of the *Wisconsin State Register Company* within the contemplation of the workmen's compensation act? · The trial court held that the undisputed facts permit of but one inference, namely, that he was an employee of the company when he suffered the injury to his eye.  Sec. 2394—7, Stats., defines the term "employee" as used in the workmen's compensation act: "(4) Every person in the service of another under any contract of hire, express or implied, oral or written."  This act also provides (sub. 1, sec. 2394—19) that:- "The findings of fact made by the commission acting within its powers shall, in the absence of fraud, be conclusive," and that the order or award of the *Commission* may be reviewed by action in court in the manner prescribed in the act.  Among the grounds upon which the order or award may be set aside are: "(1) That the commission acted without or in excess of its powers; . . ." "(3) That the findings of fact by the commission do not support the order

or award." In the case of *Northwestern Iron Co. v. Industrial Comm.* 154 Wis. 97, 142 N. W. 271, it is declared that the *Commission's* ". . . 'findings of fact,' as recognized by the decisions of this court, mean findings of ultimate rather than evidentiary facts. . . . It is only when the facts are undisputed and no conflicting inferences respecting the ultimate facts can be drawn therefrom that the question becomes one of law" (citing). In *Milwaukee Western F. Co. v. Industrial Comm.* 159 Wis. 635, 150 N. W. 998, the court said:

"In the field of inferences from evidentiary facts their action is final and controlling under the authority conferred upon them by law, unless it appears that there is no reasonable basis for their conclusions under the facts and circumstances before them and thus rendering their action without or in excess of their powers."

In passing judgment on the *Commission's* award to ascertain whether or not it is supported by the evidence before them, it must be borne in mind that there are two kinds of facts—evidentiary facts and inferential facts. The word "fact" as employed in the legal sense includes "those conclusions reached by the trier from sifting testimony, weighing evidence, and passing on the credit of the witnesses, and it does not denote those inferences drawn by the trial court from the facts ascertained and settled by it." 3 Words & Phrases, 2638; *Ripon H. Co. v. Haas,* 163 Wis. 592, 158 N. W. 330. It is well established that if there is any evidence to support findings this court cannot disturb the *Commission's* order. True, as the trial court declared, the evidentiary facts before the *Commission* are not conflicting, but it is clear that the question presented to the *Commission* was to ascertain whether or not *Mr. Porter* was an employee within the contemplation of the workmen's compensation act. The conclusion was to be ascertained from the evidence before it. An examination of the evidentiary facts adduced before the *Commission* clearly permitted of the different inferences:

Was he or was he not an employee of the *Register Company?* Under this state of the evidence their determination of that fact cannot be disturbed by the courts and must stand as the final conclusion in this case. This result in itself is decisive of this case. We have, however, examined the evidence of the record and it satisfies us that the *Commission* as trier of fact arrived at the correct conclusion in finding as a fact that the evidence shows that *Porter* was not an employee of the *Register Company* when he received the injury to his eye, and hence his injury was not a compensable one under the provisions of the workmen's compensation act. The rights of the parties established by the provisions of the compensation laws cannot be enlarged, restricted, or modified in respect to claims and liabilities within their scope. Whatever they did in attempting to provide insurance for the liabilities arising under the compensation act may effectively aid in determining the nature of the insurance contract, but such contract cannot create any right or destroy a liability governed by the act. The claim made that the insurance company estopped itself by its conduct to assert a denial of liability under its policy has no relevancy to the inquiry whether or not *Porter* was an employee of the *Register Company* at the time in question under the compensation act. Under these circumstances the *Commission* has no jurisdiction to adjudicate questions between the *Register Company* and the *Insurance Company* as to their respective contract rights or liabilities aside from requiring payment of the compensation by the insurer in case an award for compensation is made. The question of estoppel and any rights predicated thereon drop out of the case as a necessary result of the finding of fact that *Porter's* injury is not a compensable one. This follows from the fact that the *Industrial Commission* is an administrative body and can only dispose of questions respecting disputes and controversies concerning compensation. Sec. 2394—15, Stats.; *Noer v. G. W. Jones L. Co.* 170 Wis. 419, 175 N. W. 784.

The allegations that the award was procured by fraud do not present this issue. The allegations on this subject are, in substance, that the *Insurance Company* led plaintiff to believe that the contract of insurance recognized him as an employee of the *Register Company* and that the *Register Company* in good faith acted on such representation and accepted the policy on the ground that it included and insured him as an employee.

We do not perceive how this in any sense constitutes a fraud in procuring the order of the *Commission* denying compensation. It is manifest that the allegations of fraud are barren of any facts showing that the *Commission's* order was based on or procured by fraud. It is considered that the allegations of fraud are wholly insufficient and do not constitute a cause of action for relief on this ground. It must be held that the circuit court erred in reversing the award of the *Industrial Commission.* The action of the *Wisconsin State Register Company* against the *Commission* and the *Insurance Company,* in the light of the fact that *Porter's* injury is not compensable, is also without merit and must be dismissed.

*By the Court.*—The judgment in the action of *Porter v. Industrial Commission* and the *Insurance Company* is reversed, and the cause remanded with direction to award judgment affirming the order of the *Industrial Commission;* and the judgment in the action of the *Wisconsin State Register Company v. Industrial Commission* and the *Insurance Company* is reversed, with direction to enter judgment dismissing the complaint.