LEIGH AITCHISON, INC., and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*October 23—November 17, 1925.*

*Workmen's compensation: Who are employees: Person owning substantially all of corporation's stock: Findings of industrial commission: Weight: On questions of law.*

1. One owning practically all the stock of a corporation and entitled to practically all its earnings, and who has complete authority over her own employment, does not sustain the relation of "employee" to the corporation.    p. 221.
2. Where the facts are undisputed, and it is only by the application of established legal principles that a conclusion can be reached, the question whether a person claiming compensation was an employee of a corporation is clearly one of law. p. 222.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

*Leigh Aitchison, Inc.* was organized in the year 1919 with an authorized capital of 250 shares, of which 127 were issued to the respondent *Leigh Aitchison,* two shares to her sister, Mrs. Porter, and one share to Miss Sanborn and one share to Miss Orgeich. Mrs. Porter has at all times been

vice-president of the corporation but has never received any salary, has never actively participated in the business, and has never received any dividend or compensation for her services as a director. One qualifying share was issued to Miss Orgeich, who is secretary of the company and is employed as stenographer, bookkeeper, and office assistant. The remaining shares have never been issued. *Mrs. Aitchison* has been president continuously, and the board of directors has consisted of herself and the two other stockholders holding qualifying shares. *Mrs. Aitchison* is the manager of the business, determines its policy, does its buying, hires and discharges the employees, and has full control of the business.

*Mrs. Aitchison,* prior to the incorporation of this company, was employed by another shop at a salary of $3,600 a year. By resolution at the time the company was organized her salary was fixed at $3,600, which was later increased to $5,000. The company has never paid any dividends. The board of directors meets once a year and goes through the routine business of electing a board and officers.

*Mrs. Aitchison* was injured while on an errand in connection with the business. Wishing to match some material, she took it with her to the place where she had her luncheon, the Wells Building Drug Store, went from there to the Chapman store, and then started in a westerly direction on Wisconsin street toward Gimbel Brothers, a distance of four or five blocks. While on the way she slipped upon the sidewalk and received a severe injury. Proceedings were begun before the *Industrial Commission* to determine the amount of compensation. The *Industrial Commission* found that *Mrs. Aitchison* was in the employ of *Leigh Aitchison, Inc.,* and while performing a service growing out of and incidental to her employment sustained personal injury, made a temporary award, and to review that temporary award this action was begun in the circuit court for Dane

county, where there was a judgment affirming the award, from which judgment *Leigh Aitchison, Inc.* and. the insurance carrier appeal.

For the appellants there was a brief by *Quarles, Spence & Quarles*, attorneys, and *Arthur B. Doe* and *Kenneth P. Grubb*, of counsel, all of Milwaukee, and oral argument by *Mr. Doe*.

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan*, assistant attorney general, and oral argument by *Mr. Levitan*.

ROSENBERRY, J. Two questions are presented upon this appeal: first, whether *Leigh Aitchison* was at the time of her injury an employee of *Leigh Aitchison, Inc.;* second, whether an employee whose occupation does not require her to be on the street to such an extent as to substantially increase the hazards of the employment beyond those to which the public is generally exposed, is entitled to receive compensation for injuries sustained from a slippery sidewalk not a part of the employer's premises. In the view which we take of the case it will be necessary for us to consider only the first question. In disposing of this question the trial court said:

"The mere fact that applicant happened to be the president and the owner of practically all of the stock of the employer corporation does not, standing alone, establish the fact that she is not entitled to compensation," and cited *In re Raynes*, 66 Ind. App. 321, 118 N. E. 387; 15 A. L. R. 1288; 25 A. L. R. 376.

It may be conceded that the mere fact that one is a stockholder, officer, or director of a corporation does not preclude his being at the same time an employee. No hard-and-fast rule can be laid down based upon the amount of stock which an individual may own or any other arbitrary standard. A study of the cases to which reference has been made sustains that. It is quite apparent that in this case none of the ordinary incidents of the relationship of employer and

employee exist.   20 Corp. Jur. 1241, and cases cited.   *Mrs. Aitchison* fixed her own salary, which was substantially the total amount of the earnings of the corporation, fixed her own hours of employment; prescribed her own duties, was responsible to no one; no one had the power or authority to discharge her and she was subject to no one's direction. It would seem to require no argument to show that under those circumstances she was not an employee in the sense in which that term is used in the workmen's compensation act.   Wood, Master & Servant, sec. 317.   See, also, *Farmer v. St. Croix P. Co.* 117 Wis. 76, 93 N. W. 830.

We do not in reaching this conclusion ignore the fact that the corporation is a distinct entity, nor do we reach this conclusion merely because she was the owner of a very large proportion of the stock issued, but because upon the undisputed facts she did not sustain the relation of employee to any one.   While it is true she devoted practically all of her time to the carrying òn of the business of the corporation, in the doing of work which might be done by employees, that is not controlling.   The relationship of a person to a corporation is not determined by the nature of the services performed but by the incidents of the relationship as they actually exist.

The court of appeals of the state of New York in a very helpful and illuminating discussion of this matter reached this conclusion:

"The claimant in this case is willing, in order to collect a workman's allowance for himself from the insurance carrier, to assume a status that he might be the first to disclaim for any other purpose.   Theoretically he was subject to the orders of his corporation and was liable to be discharged for disobedience.   Practically he *was* the corporation, and only by a legal fiction its servant in any sense."   *Bowne v. S. W. Bowne Co.* 221 N. Y. 28, 116 N. E. 364.

It can hardly be said that *Mrs. Aitchison* could in one capacity employ herself or discharge herself or prescribe the duties of her employment in another capacity.   The

workmen's compensation act contemplates that an employee must have an employer. A person cannot employ himself to work for himself. *Mrs. Aitchison* was subject to no one; she could do as she pleased. The entire earnings were awarded to her as salary. If the corporation did not earn the amount of her salary and she paid it to herself, it would be out of her own capital. We shall not speculate nor philosophize as to what might or might not be the legal relationship in supposititious cases. It is quite clear in this case that the relationship of employer and employee did not exist. She was a managing officer and not an employee. *England's Ex'rs v. Daniel F. Beatty O. & P. Co.* 41 N. J. Eq. 470, 4 Atl. 307. A stockholder may be both. *Conlee L. Co. v. Ripon L. & M. Co.* 66 Wis. 481, 29 N. W. 285.

But it is said upon the authority of *Porter v. Industrial Comm.* 173 Wis. 267, 181 N. W. 317, that even upon the undisputed facts the question of whether or not *Mrs. Aitchison* was an employee is one of fact and not of law and that therefore the finding of the *Industrial Commission* is conclusive. We have no disposition to modify what is there said with reference to the conclusiveness of the findings of the *Industrial Commission* upon questions of fact. However, what was said in *Porter v. Industrial Comm., supra,* as to what constitutes a question of fact must be held to be modified by *Weyauwega v. Industrial Comm.* 180 Wis. 168, 192 N. W. 452. This case is strikingly illustrative of the distinction. Although the facts in this case are undisputed, it is only by the application of established legal principles to those facts that a conclusion can be reached as to whether or not *Mrs. Aitchison* sustained the relation of employee to the plaintiff corporation. That being the case, there being no dispute upon the facts, it is clearly a question of law. No one could determine upon the evidence alone in this case whether or not *Mrs. Aitchison* was an employee. It is only by the application of legal principles that that result can be arrived at. It should be pointed out that in the *Porter*

Rohan Motor Co. v. Industrial Comm. 188 Wis. 223.

*Case* the court was of the opinion that even if it were a question of fact the finding of the *Industrial Commission* was correct, and therefore a correct result was reached although a wrong reason was given for it. While in that case as in this opposite conclusions may be reached by different individuals, the divergence is due not to any inference of fact but to varying concepts as to what in law makes a person an employee.

*By the Court.*—Judgment reversed, with directions to enter judgment setting aside the award of the *Industrial Commission.*