PORTER, Appellant, vs. TRAVELERS INSURANCE COMPANY, Respondent.

*December 10, 1925—January 12, 1926.*

*Insurance: Liability of insurer under workmen's compensation act: Injuries to persons other than employees of assured.*

A policy of insurance to indemnify the assured against liability as an employer under the workmen's compensation act was not for the benefit of one who could not assert a liability under the act; and the president of the assured company, although mentioned in the policy, was covered only for injuries sustained as an employee, and, the policy being unambiguous, views expressed by the insurer's agent and by its attorney as to the president being entitled to compensation could not create liability.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge. *Affirmed.*

August 16, 1915, defendant duly issued its policy of insurance to the Wisconsin State Register Company, a corporation of Portage, Wisconsin, engaged in the newspaper and printing business, which was then and thereafter an employer and so designated in said policy.

The plaintiff was then and until September 1, 1917, the president of said Wisconsin State Register Company. On November 23, 1916, the said policy being still in force, plaintiff received an injury to his eye causing a total loss of sight.

On December 22, 1915, plaintiff had an individual accident insurance policy, in the application for which he recited that he had no accident insurance. December 30, 1920, he was paid by defendant $1,300 in full settlement on account of such injury on such individual policy.

The policy of August, 1915, had indorsed as a title, "Universal Standard Workmen's Compensation Policy," . . . "Workmen's Compensation and Employer's Liability Policy." The provisions deemed material here are as follows:

"The *Travelers Insurance Company* . . . (a liability insurance company authorized to do business in the state in

which this policy applies) does hereby agree with the employer named and described as such in the declarations forming part hereof, as respects personal injuries sustained by his employees: . . .

"*Indemnity.* I. (a) To pay to the person and in the manner provided by the workmen's compensation law, any sum due or to become due from this employer because of any such injury and the obligation for compensation therefor imposed upon or accepted by this employer under certain statutes . . . referred to as the workmen's compensation law." (An indorsement made a part of the policy cited the Wisconsin workmen's compensation laws.) . . . "This obligation for compensation shall include all provisions of the workmen's compensation law respecting funeral expenses, medical, etc., services," etc.

"(b) To indemnify this employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries."

"*Persons covered.* V. This agreement shall apply to *such injuries* sustained by any person or persons legally employed by this employer whose entire remuneration shall be included in the total actual remuneration for which provision is hereinafter made, upon which remuneration the premium for this policy is to be computed and adjusted and to such injuries sustained by the president, any vice-president, secretary or treasurer of this employer, if a corporation, but the remuneration of any such officer may be excluded unless he personally supervises the manual or mechanical processes covered hereby."

"*Conditions.* A. The premium is based upon the entire remuneration earned during any policy period by all employees of this employer engaged in the business operations described in said declarations."

Prior to the accident to plaintiff in November, 1916, defendant's state agent, in answer to inquiry on the subject, wrote in substance that plaintiff, president of the insured, was covered by the policy, that an indorsement was not necessary "if he personally supervises the manual or mechanical processes and helps repair the presses as he has done in the past. . . . He is protected now even though his salary is not figured in the estimated payroll. It will be the

auditor's duty to secure that salary when the audit is made next year. . . ."

After the accident defendant's attorney having in charge the adjustment of the plaintiff's claim wrote him in substance acknowledging that plaintiff under the circumstances was entitled to the maximum amount of compensation under the Wisconsin law of $9.37 per week and medical expenses, and offering to make payment.

Plaintiff received from the Register Company $25 per week as salary during the entire period until he resigned September 1, 1917.

August 5, 1918, plaintiff made application to the *Industrial Commission* for compensation from the Register Company. The *Commission* denied the application on the ground that plaintiff was not an employee of the Register Company within the Wisconsin compensation act. The circuit court for Dane county, in a review action, reversed the *Commission,* but on appeal here the findings of the *Commission* were confirmed (*Porter v. Industrial Comm.* 173 Wis. 267, 181 N. W. 317) in February, 1921.

June 10, 1921, plaintiff commenced this action, making the policy above recited a part of his complaint, alleging the injury to his eye November 23, 1916, his consequent losses and expenses, the two letters aforesaid, and claiming $5,000 damages.

The other facts recited above appeared in defendant's answer, to which plaintiff demurred. The demurrer was overruled, and defendant's motion for judgment on the pleadings was then granted. From the judgment dismissing the complaint plaintiff appeals.

For the appellant there was a brief by *Stroud & Stroud* of Portage, and oral argument by *Perry C. Stroud.*

For the respondent there was a brief by *Olin & Butler,* and oral argument by *Byron H. Stebbins* and *Clifford L. Mathys,* all of Madison.

ESCHWEILER, J.   The policy of August 16, 1915, recited above was clearly one to indemnify the Wisconsin State Register Company for any liability incurred by it as an employer under the terms of the Wisconsin compensation act. The liability of defendant thereunder was plainly, so far only as the insured employer incurred a liability, created by and arising from the workmen's compensation act. Defendant's indemnity clauses went no further, and the policy was for the benefit of no one who could not assert a liability under that act.   The personal injuries for which defendant was to save harmless the insured employer were such only as were sustained by the employees of such insured, and those who could not be properly classed as such employees were not within the terms of the policy.   That the president or other officer of such insured might be covered under certain conditions and as stated in paragraph V, "Persons Covered," quoted above from the policy, was coverage for them only when they could be classed as employees.   When it was determined in the case of this plaintiff against this insured employer and the defendant here as insurance carrier, reported in 173 Wis. 267, 181 N. W. 317, *supra,* that plaintiff was not an employee under the act, that disposed, adversely to plaintiff, of any possible claim on his part under this policy.

This being the plain construction to be given to its unambiguous language, no weight can be given in plaintiff's favor and contrary to the terms of the policy by the views expressed in the letters by the defendant's state agent and its attorney set forth in the above statement of facts.   A liability not in the policy cannot be thus added to it.   *Two Rivers D. & D. Co. v. Maryland Cas. Co.* 168 Wis. 96, 100, 169 N. W. 291, and cases there cited.

*By the Court.*—Judgment affirmed.