COLUMBIA CASUALTY COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and others, Respondents.

*October 8—November 5, 1929.*

For the appellant there was a brief by *Lamfrom, Tighe, Engelhard & Peck,* attorneys, and *Leon B. Lamfrom* and *A. J. Engelhard,* of counsel, all of Milwaukee, and oral argument by *A. J. Engelhard.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FOWLER, J.  Liability under the workmen's compensation act exists against an employer for any accidental injury sustained by an employee where at the time of the accident the employee is performing service growing out of and incidental to his employment.  Sec. 102.03, Stats.  Batranek, if he was an employee, was injured while performing such service.  The sole question is, Was he an employee?  The facts are not in dispute, and whether he was an employee is a matter of law.

The appellant contends that under the rule of *Leigh Aitchison, Inc. v. Industrial Comm.* 188 Wis. 218, 205 N. W. 806, Batranek was not an employee.  The facts are like those in the *Aitchison Case* in one respect.  Part of the reasoning of that case in support of its ruling, considering it in the abstract, would seem to apply here.  But there are important differences.  Mrs. Aitchison owned 127 of 130 shares of the issued stock of the corporation there involved, and was practically the corporation.  She had full control of the business, and sole power to hire and discharge employees.  Her salary alone absorbed the whole of the profits of the business.  She was injured while performing a service such as employees regularly perform, but one not incident to her regular work, which was solely of a managerial nature.  None of these facts exists as to Batranek.  His son shared with him the control, management, and power exercised solely by Mrs. Aitchison.  In the *Aitchison Case* it was considered that Mrs. Aitchison was not an employee be-

cause she was practically the whole corporation and thus the employer. Manifestly she could not be both employer and employee. She could not employ herself. Here the only real similarity is that Batranek owned a majority of the stock and thus, although his son possessed equal powers with him as to hiring and discharging employees, if the son should refuse to consent to the father's employment, the father could by voting his stock take away the son's power to hire and thereby put the father in the position of hiring himself. Also the father under the joint management cannot be discharged, and by control of the stock can prevent any one's getting in position to discharge him. But even so he is not practically the whole corporation as was Mrs. Aitchison. To us it seems that the differences indicated distinguish the cases and make the rule of the *Aitchison Case*. inapplicable here, because the real basis of the rule, that Mrs. Aitchison was the employer because practically the corporation, does not exist here. The fundamental purpose of the workmen's compensation act is to provide compensation to workmen injured by accident received while performing their work. Batranek was a workman, and he was injured while performing his work. The fact that he was secretary and treasurer of the corporation does not exclude him from classification as an employee. *Zurich Gen. Acc. & L. Ins. Co. v. Industrial Comm.* 193 Wis. 32, 213 N. W. 630. And it is not without force that he is entitled to compensation within the terms of the policy issued to the corporation by the appellant. The president, secretary, and treasurer of a corporation are by the policy in effect classified as employees if actually performing such duties as are ordinarily undertaken by a superintendent, foreman, or workman. The policy provides that the premium paid is based upon the total remuneration of the employees, excepting the remuneration of the president, vice-president, secretary, and treasurer, but including the remuneration of such of these officers as are actually performing such duties as are ordinarily under-

taken by a superintendent, foreman, or workman. Batranek was performing such duties when injured, and the insurer is entitled to include his salary in the aggregate on which the premium is finally based, and should be estopped from claiming that he is not entitled to compensation.

*By the Court.*—The judgment is affirmed.