CONRAD, Appellant, vs. INDUSTRIAL COMMISSION and others, Respondents.

*March 11—April 12, 1949.*

For the appellant there were briefs by *Farr & Brown* and *James C. Herrick,* all of Eau Claire, and oral argument by *Mr. Herrick.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

FRITZ, J.   It appears without dispute that the applicant's husband resided in Minneapolis and specialized as an artist in painting pictures of landscapes, which he sold, and in doing interior decorating and painting during several years for patrons in Minneapolis and Eau Claire, including the defendant, Eau Claire Hotel Company, and several other parties.

Upon evidence introduced at a hearing before an examiner of the commission, he made findings of fact upon which he concluded that under the provisions in sec. 102.07 (8), Stats., Conrad was to be considered an employee of the hotel company while at work in its hotel when he sustained an injury on April 18, 1946.

But on a review of the evidence introduced on the hearing before the examiner, the commission found and concluded: That on or about April 8, 1946, Dan B. Conrad entered into a written contract with the hotel company for the painting of its hotel lobby for the sum of $475; that at said time he was an independent contractor and maintained a separate business and held himself out to and rendered service to the public; and that therefore he was not an employee of the hotel company at the time of his injury and his widow was not entitled to the payments by the hotel company of death benefits under the Workmen's Compensation Act.

Those findings and conclusions of the commission were warranted by evidence in the record which, as is stated in the commission's memorandum attached to its findings and order, is to the following effect:

Conrad had been in the interior decorating and painting business in Minneapolis and Eau Claire for many years. He was a skilled artist and specialized in painting pictures of landscapes which he sold to individuals and also to a commercial calendar company. He had complete tools and equipment for interior decorating and he worked from his home in Minneapolis and in Eau Claire. He occasionally hired a helper to assist him but most of the time he worked alone. At the time of his injury he was working under a written contract for the painting of the hotel company's lobby for a lump sum of $475. The contract provided that he was to assume responsibility in case of accident. The scaffolding which he was using was owned by the hotel company. It did not control or direct details of Conrad's work and he worked at his own convenience, and at times chosen by himself. While the lobby painting was in the process of decoration he did jobs for other persons in their homes and shops. They knew him because of the reputation which he had established in working at the hotel. Most of the jobs done for other persons were on a lump-sum basis.

Thereupon the commission stated:

"We are satisfied that Conrad was an independent contractor, and that his status, therefore, cannot be that of an

employee unless the Workmen's Compensation Act may define him to be a statutory employee in spite of his status as a contractor."

And the commission concluded in its memorandum that in order to determine whether Conrad should be considered to be a statutory employee in view of the provisions in sec. 102.07 (8), Stats.,[1] there had to be determined whether Conrad, as an independent contractor, did maintain a "separate business" and whether he did "hold himself out to and render service to the public" within the meaning of the term "employee" as defined under the provisions in sub. (8) of sec. 102.07, Stats. In determining that issue the commission stated:

"Did Conrad maintain a separate business? We think the testimony is clear that he did. He was in the business of painting and decorating as independent contractor. Did he hold himself out to and render service to the public? The testimony establishes that he did. It is not, of course, required that a contractor hold himself out to or work for all of the public. The testimony is convincing that Conrad held himself out to such portion of the public as he was able to accommodate, and that he did work for such portion of the public. His income in 1945 was approximately $3,000, whereas only $637 was paid to him by the hotel. The major portion of his income was earned in working for that portion of the public which desired his services. He held himself out by conducting a business of his own and by working for those persons to whom he was recommended and for whom he was able to work. His reputation advertised him as much as might have resulted from limited newspaper or other formal advertising."

The presumption that a person injured while performing service for another was an employee rather than an inde-

---

[1] 102.07(8) Every independent contractor who does not maintain a separate business and who does not hold himself out to and render service to the public, provided he is not himself an employer subject to this chapter or has not complied with the conditions of subsection (2) of section 102.28, shall for the purpose of this chapter be an employee of any employer under this chapter for whom he is performing service in the course of the trade, business or profession of such employer at the time of the injury.

pendent contractor (*Montello Granite Co. v. Industrial Comm.* 227 Wis. 170, 278 N. W. 391) is rebuttable and ceases to have force or effect when evidence to the contrary is adduced. *J. Romberger Co. v. Industrial Comm.* 234 Wis. 226, 229, 290 N. W. 639; *Hume v. Industrial Comm.* 248 Wis. 5, 8, 20 N. W. (2d) 573; *Armstrong v. Industrial Comm.* 254 Wis. 174, 178, 35 N. W. (2d) 212. In the case at bar that presumption was overcome by evidence as to facts stated above which warranted the commission's finding that Conrad was an independent contractor, that he maintained a separate business and that he held himself out to and rendered service to the public.

Consequently, the commission's findings and determination that Conrad was not an employee of the hotel company must be sustained and therefore it is not liable for the payment of death benefits under the Workmen's Compensation Act.

*By the Court.*—Judgment affirmed.