ENDERBY, Appellant, v. INDUSTRIAL COMMISSION and others, Respondents.

*November 4—November 29, 1960.*

For the appellant the cause was submitted on the brief of *Nelson & Topel* of Marinette, attorneys, and *John M. Wiebusch* and *Adolph P. Lehner,* both of Oconto Falls, of counsel, and for the respondent Industrial Commission on the brief of *John W. Reynolds,* attorney general, and *Mortimer Levitan,* assistant attorney general.

FAIRCHILD, J.   The statutory definition of employee for the purposes of ch. 102 includes: "Every person in the service of another under any contract of hire, express or implied, . . ." Where one has made a contract to render service for another, the latter must have the right under the contract to control the details of the work if the former is to be an employee. *Woodside School Dist. v. Industrial Comm.* (1942), 241 Wis. 469, 471, 6 N. W. (2d) 182.

Mrs. Enderby, and the other ladies, responded to a request by the pastor, and performed valuable services for the church. The Mission Society furnished the ladies with food. They received no other material benefit. They were motivated by their religious and moral obligations to the church. As far as the record discloses, the ladies divided the task among themselves, and each performed her part without direction as to the details of the work.

Unless the provision of food was contemplated as compensation for the service rendered, it is quite clear from the character and circumstances of the pastor's request that no contract on the part of the church to pay the reasonable

value of the services was to be implied. Is it to be inferred that the provision of food was compensation for the service, or was it merely gratuitous hospitality afforded to those who were rendering gratuitous services? Is it to be inferred that the church officers had the right to control the details of the work?

We conclude that although the evidentiary facts are undisputed, conflicting inferences could reasonably be drawn. The examiner and commission found that the services were not undertaken pursuant to a contract of hire. This finding was based upon permissible inferences, and must be sustained.

In *Gant v. Industrial Comm.* (1953), 263 Wis. 64, 56 N. W. (2d) 525, a farmer was injured while performing work for another farmer who had previously rendered service on the farm of the injured man. The farmers in that community customarily exchanged work. This court sustained the commission finding that an implied contract existed, but noted that the inference that the injured was acting as a mere volunteer would have been permissible if the commission had chosen to draw it. The finding resulting from the choice between these permissible inferences was held to be conclusive.

Plaintiff correctly asserts that "where the facts disclosed show that one is injured while in the service of another, for the purposes of the Compensation Act it will be presumed that the person injured was an employee, . . ." *Habrich v. Industrial Comm.* (1929), 200 Wis. 248, 254, 227 N. W. 877; *Montello Granite Co. v. Industrial Comm.* (1938), 227 Wis. 170, 183, 278 N. W. 391. The presumption, however, "is rebuttable and ceases to have force or effect when evidence to the contrary is adduced." *Conrad v. Industrial Comm.* (1949), 254 Wis. 574, 578, 37 N. W. (2d) 60. It does not shift the burden of proof to the alleged employer. *Scholz v. Industrial Comm.* (1954), 267 Wis. 31, 41c, 64 N. W. (2d) 204, 65 N. W. (2d) 1.

Plaintiff relies upon the fact that the workmen's compensation policy issued to the church includes an estimated annual premium for "all other employees" as well as one for "clergy, professional assistants, organist or members of choir, including clerical office employees." It is argued that the reference to "all other employees" covered "all who performed services for the church" including plaintiff.

Under sec. 102.05 (3), Stats., the terms of the workmen's compensation insurance policy may govern whether an employer is subject to the act with respect to certain classes of employees. In all other respects, however, the provisions in the workmen's compensation insurance policy cannot determine which relationships are, or are not, those of employment under the Workmen's Compensation Act. *Porter v. Industrial Comm.* (1921), 173 Wis. 267, 271, 181 N. W. 317. If specific reference in the policy to an individual or class as employees may sometimes estop the insurance carrier from denying such status (See *Columbia Casualty Co. v. Industrial Comm.* (1929), 200 Wis. 8, 10, 227 N. W. 292), the present record does not establish that the phrase "all other employees" was intended to include the ladies of the Mission Society when cleaning the church.

Plaintiff also relies upon decisions that one who renders service at the request of another is entitled to reasonable compensation, and that an implied contract of hire exists, assuming that the employer has the right to control the details of the work. See *Johnson v. Wisconsin Lumber & Supply Co.* (1931), 203 Wis. 304, 234 N. W. 506. The relationship of the pastor to the members of the church and the Mission Society and the circumstances of the request in the case before us permit the inference that the services were to be gratuitous.

*By the Court.*—Judgment affirmed.