REVELS, Respondent, v. INDUSTRIAL COMMISSION and others, Appellants.

*October 2—October 31, 1967.*

396

For the appellant Industrial Commission the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the briefs were *Bronson C. La Follette,* attorney general, and *Gordon Samuelsen,* assistant attorney general.

For the appellants Floyd Revels, H & D Lumber Company, Inc., and Employers Mutual Liability Insurance Company there was a brief by *Klueter, Larson & Mac-Kenzie* of Wausau, and oral argument by *H. R. Klueter.*

For the respondent there was a brief by *Frederick F. Hillyer* of Madison and *Harry D. Clarke* of Stoughton, and oral argument by *Mr. Hillyer.*

HANLEY, J. The sole issue on this appeal is whether there is any credible evidence to support the finding that Argyle Revels was not an employee on June 17, 1963, so as to be covered by the Workmen's Compensation Act.

The statutory definition of "employee" for the purpose of ch. 102, Stats., includes "Every person in the service of another under any contract of hire, express or implied, . . ."

The trial court held that the applicant was aided by the presumption that if at the time of the accident deceased was rendering service for the alleged employer, the relationship of employer and employee existed. *Scholz v. Industrial Comm.* (1954), 267 Wis. 31, 64 N. W. 2d 204, 65 N. W. 2d 1.

The court further held that the applicant's burden of proof was fulfilled when she established that her husband was killed while in the service of his brother because the defendants did not come forward with evidence of sufficient probative force to support a reasonable inference to the contrary. It therefore determined the question of employment as a matter of law.

The commission's conclusion that Argyle Revels was not an employee of either Floyd Revels or the H & D Lumber Company, Inc., on June 17, 1963, is a question of law while the evidence establishing that relationship is a question of fact to be determined by the commission. *Duvick v. Industrial Comm.* (1963), 22 Wis. 2d 155, 163, 125 N. W. 2d 356. The only testimony bearing on the question of employment came from the witness Floyd Revels and it is inconsistent in several respects. However, there is credible evidence to support the commission's findings or reasonable inferences exist which sustain the findings. In such a case the findings of the commission are conclusive. *Kraynick v. Industrial Comm.* (1967), 34 Wis. 2d 107, 111, 148 N. W. 2d 668.

It is undisputed that Argyle Revels was interested in getting out of the house on the morning of June 17, 1963 and that he just rode along for enjoyment in the morning and performed minimal tasks in the afternoon. Floyd testified that he would have hauled the logs himself had Argyle not asked to go along with him. Although the testimony on wages is conflicting, the commission was entitled to believe there was no discussion on wages. His widow was never paid. Floyd also testified that he could not consider hiring Argyle without first learning whether he would have to carry insurance. There was also testimony that Floyd advised against Argyle working because he feared it might jeopardize Argyle's total disability pension from the Army. From these facts the commission was entitled to believe that Argyle Revels was not employed by his brother on June 17, 1963. Indeed, the facts at best seem to suggest the possibility of future employment.

The commission was entitled to rely on Floyd Revels' written statements of June 18 and August 12, 1963, which were inconsistent with his later testimony on the premise that the more recent the event, the fresher and more accurate the memory.

We believe that any presumption that Argyle was an employee of Floyd disappeared when evidence to the contrary was introduced on cross-examination.

The presumption that one injured in the service of another is an employee is a rebuttable presumption and ceases to have force and effect when evidence to the contrary is adduced. *Conrad v. Industrial Comm.* (1949), 254 Wis. 574, 578, 37 N. W. 2d 60, 62; *Enderby v. Industrial Comm.* (1960), 12 Wis. 2d 91, 94, 106 N. W. 2d 315.

We conclude that although inferences might reasonably be drawn to support the trial court's conclusion that an employer-employee relationship existed, facts are established from which reasonable inferences might be drawn to support the Industrial Commission's conclusion that Argyle Revels was not an employee of Floyd Revels.

*By the Court.*—Judgment reversed and cause remanded with directions to affirm the order of the Industrial Commission.

WILKIE, J., took no part.