JAMES L. CIRILLI, District Attorney, Douglas County
You have advised that a group of volunteers in Douglas County has organized a non-profit corporation which operates the Douglas County Sheriff's Rescue Unit. You have further advised that, although the Rescue Unit is manned entirely by unpaid volunteers through the corporation referred to, it makes use of vehicles owned *Page 194 
by Douglas County, and operates under the control of the Douglas County Sheriff's Department.
You seek my opinion as to what liability Douglas County has for Workmen's Compensation coverage for the volunteer members of the Rescue Unit, and what liability Douglas County may incur as a result of any negligent action of the Rescue Unit or its volunteer members.
In my opinion, your inquiry concerning Workmen's Compensation coverage is controlled by sec. 102.07 (7), Stats. That statute provides:
 "Every member of . . . any legally organized rescue squad shall be deemed an employe of such . . . squad . . . If such . . . squad has not insured its liability for compensation to its employes, the municipality or county within which such . . . squad was organized shall be liable for such compensation."
You have not stated specifically whether the Rescue Unit carries Workmen's Compensation insurance. Since, however, you have indicated that it is the Unit which has raised the question as to Workmen's Compensation, I assume that it does not, and since you have indicated further that the volunteers have organized a non-profit corporation, and are unpaid, I assume further that the Unit has no funds from which a Workmen's Compensation claim could be recovered. Making these assumptions, and since the Rescue Unit is legally organized and located within Douglas County, I conclude that Douglas County is liable for Workmen's Compensation to the volunteer members of the Rescue Squad.
Your second question involves possible county liability in two different respects, (1) liability for the negligent acts of members of the Rescue Unit in a general sense, such as in the performance of their duties, and (2) liability for their negligent operation of the county owned rescue vehicle.
With respect to any negligent actions in general on the part of any of the Rescue Unit volunteers, it is my opinion that Douglas County would be liable for injuries resulting from such negligence. While, since you indicate the volunteers are unpaid, they would probably not be considered employes, even for Workmen's Compensation purposes, except for sec. 102.07 (7),Enderby v. Industrial Commission (1960), 12 Wis.2d 91,106 N.W.2d 315, I *Page 195 
see the issue as one of a principal and agent or master-servant relationship rather than an employer-employe relationship. "Consideration is not necessary to create the relation of principal and agent, and it is not necessary in the case of master and servant." Restatement (Second) of Agency sec. 225. See also 57 C.J.S. Master and Servant sec. 563. For a person serving gratuitously to become an agent or a servant, however, there must be consent of the principal or master. Restatement (Second) ofAgency secs. 221 and 225. Since the volunteers serving Douglas County are making use of county owned equipment, and have submitted themselves to the control of the County Sheriff, there appears to be no question whatsoever but what the county has in fact consented to the performance of services by the volunteers, thereby rendering them the county's servants.
As you are aware, recovery against a county in an action founded on tort appears to be limited to $25,000 pursuant to sec.895.43 (2), Stats. You are advised, however, that portions of that statute are currently under constitutional attack in the courts of our state. I am involved in the defense of the constitutionality of the statute in those actions, and in my opinion, it would be inappropriate, under the circumstances, for me to render an opinion as to the statute's constitutionality
The other aspect of the negligence question involves the operation of the county owned rescue vehicle. In my opinion, the liability would be the same as it is with respect to any other negligence, except that in the case of the operation of a motor vehicle the $25,000 limitation upon recovery does not apply. Sections 345.05 and 895.43, Stats.
You have, of course, advised me that Douglas County carries liability insurance on its vehicles, and that you have been assured by the insurance carrier that the operation of the rescue vehicles by volunteers would be fully covered by such insurance. While such insurance coverage may, as a practical matter, solve most problems which the county may have arising out of the negligent operation of its vehicles, it must be remembered that the county would remain liable for any excess in the amount of a judgment beyond the limits of the insurance coverage.
BCL:CRL *Page 196