261 F.2d 331
 STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a mutual insurance company, Appellant,
v.
Fred PETSCH, Irvin Petsch, Fred Petsch and Irvin Petsch, d/b/a Fred Petsch and Son, Appellees.
 No. 5868.
 United States Court of Appeals Tenth Circuit.
 November 12, 1958.
 
 COPYRIGHT MATERIAL OMITTED A. Joseph Williams, Cheyenne, Wyo. (Glenn A. Williams, Cheyenne, Wyo., on the brief), for appellant.
 Paul B. Godfrey, Cheyenne, Wyo. (Harry B. Henderson, Cheyenne, Wyo., on the brief), for appellees.
 Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.
 BREITENSTEIN, Circuit Judge.
 
 
 1
 Appellant insurer seeks relief from a judgment entered after a jury verdict in a suit brought by appellees insureds to recover losses claimed to have been sustained by reason of insurer's denial of liability under two insurance policies.
 
 
 2
 Early in 1954 an agent of the insurer discussed with the insureds a program of insurance for protection against liability arising from use of automobiles and from ranch operations. The agent suggested a policy which would protect against claims of injured employees and said that the insureds "would be protected up to One Hundred Thousand Dollars * * * it doesn't matter how your help gets hurt." At the time it was the understanding of all parties that the ranching operations of the insureds did not come within the coverage of the Wyoming workmen's compensation law, W.C. S.1945, § 72-101 et seq. Thereafter, the insurer issued to the insureds two policies of insurance, one of which was an "Automobile Policy" and the other a "Farmer's Comprehensive Personal Liability Policy." Each policy specifically excluded all coverage for bodily injury if the benefits therefor were "either payable or required to be provided under any workmen's compensation law."
 
 
 3
 Helms, an employee of the insureds, was injured on March 26, 1956, while loading insureds' truck in the course of his employment. The accident was promptly reported to the local agent of the insurer who told the insureds that he would "take care of all expenses that would occur for this man being hurt." In the latter part of May one of the insureds returned to the agent's office and told him that the injured employee was causing trouble, that he wanted to get him off the ranch, and that he thought he could settle with the employee for about $1,100. The agent again said that the insurer would take care of the claim and repeated that assurance in the presence of the attorney for the insureds.
 
 
 4
 Early in June one of the insureds gave Felton, an adjuster for the insurer, a written statement that the employees of the insureds were not covered by workmen's compensation. Late in June, Pickett, another adjuster for the insurer, talked to one of the insureds, took another written statement, and about ten days later wrote the insureds that the insurer would pay only the $500 medical payment provided in the automobile policy. In the latter part of July, Felton, at the request of one of the insureds, called the attorney for the injured employee, told him that the insurance coverage was limited to the $500 medical payment, suggested that the insureds would contribute from their own money to make a settlement, and proposed a settlement of $1,250 of which $500 would come from the insurer and $750 from the insureds. No settlement was consummated and on August 1 the employee filed a claim under the Wyoming workmen's compensation law. The insureds did not report this action to the insurer but defended with their own lawyer. The Wyoming district court held that the employee was covered by the compensation law and made an award of $2,400 to him. The insureds then demanded payment of the award by the insurer but it denied all liability on the basis of the policy provisions excluding liability where the injury is covered by workmen's compensation. This suit was then brought in federal court to recover damages claimed to have resulted from the actions of the insurer. The jury returned a verdict for the full amount sought by the insureds and after a reduction by remittitur judgment was entered for $4,442.
 
 
 5
 The complaint was based, and the case was submitted to the jury, on the theories of waiver, estoppel and fraud. Our primary concern is whether the evidence is sufficient as a matter of law to sustain a recovery on any one of these grounds.
 
 
 6
 The insureds were aware of the Wyoming compensation law as they had previously made contributions to the Wyoming Workmen's Compensation Fund. From the time of their negotiations with the agent of the insurer until the adverse decision in the workmen's compensation proceedings against them, the insureds consistently took the position that they were not covered by the compensation law. Such position and their methods of operation were made known to the insurer. The policies as issued excluded liability for claims covered by the workmen's compensation law. The Wyoming court held that the employee was covered by the compensation law and the insurer denied liability because of such coverage. We are not concerned with what the situation might have been if liability had been denied or limited under other grounds or in other factual circumstances.
 
 
 7
 The record is completely devoid of any evidence of fraud. The representations on which the insureds rely were that the policies would cover all injuries to employees and that the insurer would pay the claim of the injured employee. These representations were made on the basis of the nonapplicability of the workmen's compensation law. Falsity may not be predicated on the later judicial determination that the compensation law was applicable because the insureds themselves asserted its nonapplicability. The insureds were not deceived. They merely made a mistake as to the legal consequences of their ranching operations and that mistake was repeated by the agent of the insurer.
 
 
 8
 Fraud will never be presumed and will be sustained only upon evidence that is clear and convincing.[1] The fault with the representations lay in the premise that the compensation law would not apply to injured employees of the insureds. The agent of the insurer did not represent that the policies would apply to compensation cases. At the very most, the statements of the agent were misrepresentations as to matters of law. It is the well-recognized rule that such statements relating to matters of law are not ordinarily actionable.[2] There is nothing presented to bring this case within any exception to the general rule. None of the essential elements of fraud, which are clearly stated in Pacific Royalty Co. v. Williams, supra, is present here.
 
 
 9
 Insureds contend that insurer is barred by waiver and estoppel from relying on the policy provisions excluding workmen's compensation claims. Waiver is the intentional relinquishment of a known right.[3] The constituent elements of waiver are an existing right, knowledge of that right, and an intention to relinquish or surrender it.[4] The insurer had the right under its policies to deny liability when injury was compensable under workmen's compensation laws. The statements made after the accident that the insurer would take care of the claim of the injured employee did not waive the exclusionary provisions of the policies because there is no showing that the insurer knew of the applicability of those policy provisions or intended to forego their application. At the time the statements were made both the insurer and the insureds were in agreement that the workmen's compensation law did not apply to the claim. The insurer did not have knowledge of its right to assert the exclusionary clauses as a defense. Without such knowledge there could be no intent to surrender them. The essential elements of waiver are thus lacking.
 
 
 10
 Estoppel is governed by equitable considerations. Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might otherwise have existed as against another person who has in good faith relied upon such conduct and has been led thereby to change his position for the worse.[5] An equitable estoppel rests on the statement of a present or past fact.[6] The statements here relied upon to establish estoppel did not concern present or past facts. Such statements were that the policies would cover all injuries to employees and that the insurer would pay the claim of the injured employee. At the most these were promises. Ordinarily a promise cannot create an estoppel but the doctrine of promissory estoppel has been recognized to prevent fraud or injustice if the promise has been made to induce action and has in fact done so.[7]
 
 
 11
 The first promise was that the policies would cover injuries to employees. This was made upon the basis of the mutual understanding that the employees were not covered by workmen's compensation. Ordinarily there is no estoppel where the parties are equally well informed as to the essential facts.[8] In the instant case the insureds knew just as much about the facts as did the insurer. The eventual determination of liability under the compensation law establishes that the parties had an erroneous understanding of the effect of the policies issued and accepted. Where a contract accurately expresses the agreement of the parties, "the court cannot reform the writing into one which it thinks they would have made, but in fact never agreed to make."[9]
 
 
 12
 The second promise was that the insurer would pay the claim. This was made without knowledge that the exclusionary policy provisions would apply. Further, it did not induce any action or preclude the insureds from taking any effective action. The contention that the insureds were thereby persuaded not to make an advantageous settlement is without merit as under Wyoming law such a settlement would not have relieved them from liability under the workmen's compensation law.[10]
 
 
 13
 The insureds knew better than the insurer the method and extent of their operations. They accepted with out objection the policies with the clauses excluding workmen's compensation claims. They cannot now have the policies enforced otherwise than according to policy terms.[11] Yet in this action they seek to enlarge the coverage or scope of the policies so as to secure protection against a workmen's compensation claim. This court has held in United Pac. Ins. Co. v. Northwestern Nat. Ins. Co., 10 Cir., 185 F.2d 443, 447, that the coverage of an insurance policy may not be extended by waiver or estoppel. This is in accord with general law.[12] The Wyoming cases of Wyatt v. State Farm Fire & Casualty Co., Wyo., 322 P.2d 137, and New Hampshire Fire Ins. Co. of Manchester v. Boler, 55 Wyo. 530, 102 P.2d 39, are not in point because they involved waiver of right to avoid or forfeit rather than extension of coverage.
 
 
 14
 Viewing the facts and all reasonable inferences that may be drawn from them, in the light most favorable to the insureds, it is clear that as a matter of law there can be no recovery. The motion for a directed verdict should have been granted.
 
 
 15
 The judgment is reversed.
 
 
 
 Notes:
 
 
 [1]
 Pacific Royalty Co. v. Williams, 10 Cir., 227 F.2d 49, 55
 
 
 [2]
 Fawcett v. Sun Life Assur. Co. of Canada, 10 Cir., 135 F.2d 544, 545, 153 A.L.R. 533; Burnett v. Taylor, 36 Wyo. 12, 252 P. 790, 794; Williston on Contracts, Rev.Ed., Vol. 5, § 1495, p. 4171
 
 
 [3]
 Phillips v. Lagaly, 10 Cir., 214 F.2d 527, 529, 50 A.L.R.2d 626
 
 
 [4]
 Yates v. American Republics Corporation, 10 Cir., 163 F.2d 178, 179
 
 
 [5]
 See Vogel v. Shaw, 42 Wyo. 333, 294 P. 687, 689, 75 A.L.R. 639, quoting Pomeroy, Equity Jurisprudence, Vol. 2, § 804
 
 
 [6]
 Vogel v. Shaw, supra, 294 P. at page 692
 
 
 [7]
 31 C.J.S. Estoppel § 80, p. 289 et seq
 
 
 [8]
 McCarthy v. Union Pac. Ry. Co., 58 Wyo. 308, 131 P.2d 326, 330; Chisholm v. House, 10 Cir., 183 F.2d 698, 708
 
 
 [9]
 Restatement of the Law of Contracts, Vol. 2, § 504, Comment c, p. 969. See also Williston on Contracts, Rev.Ed., Vol. 5, § 1587, pp. 4427-4428
 
 
 [10]
 Wyoming Compiled Statutes, 1945, § 72-107
 
 
 [11]
 Lumber Underwriters of New York v. Rife, 237 U.S. 605, 609-610, 35 S.Ct. 717, 59 L.Ed. 1140
 
 
 [12]
 C. E. Carnes & Co. v. Employers' Liability Assur. Corporation, 5 Cir., 101 F.2d 739, 742; Standard Accident Ins. Co. v. Roberts, 8 Cir., 132 F.2d 794, 798-799; Fidelity & Guaranty Fire Corporation of Baltimore v. Bilquist, 9 Cir., 99 F.2d 333, 334-335; Campbell v. Aetna Casualty and Surety Co., 4 Cir., 211 F.2d 732, 737; Appelman, Insurance Law and Practice, Vol. 16, § 9083, p. 605; 45 C.J.S. Insurance § 674, p. 616; 29 Am. Jur. Insurance § 801, p. 607 and § 903, p. 690. In Two Rivers Dredge & Dock Co. v. Maryland Casualty Co. of Baltimore, 168 Wis. 96, 169 N.W. 291, 292, it was specifically held that an insured could not assert the defense of an estoppel to avoid an exclusionary clause similar to those in the policies now in suit