Ford D. ALM, Appellant (Plaintiff below),
v.
HARTFORD FIRE INSURANCE COM-
PANY, Appellee (Defendant below).

No. 3033.

Supreme Court of Wyoming.

Feb. 13, 1962.

Elmer J. Scott of Scott & Joffe and J. T. Langdon, Worland, for appellant.

Ross D. Copenhaver, Powell, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Plaintiff below was insured by defendant's "Homeowners Policy," which contained under its Section II certain of the company's covenants as follows:

"1. Coverage F—Liability: To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, and as damages because of injury to or destruction of property, including the loss of use thereof.

\* \* \* \* \* \*

"2. Defense, Settlement, Supplementary Payments: With respect to such

insurance as is afforded by this policy for Coverage F, this Company shall:

(a) defend any suit against the Insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but this Company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;"

The policy also contained the following exclusion clause:

"Section II of this Policy Does Not Apply * * * to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the Insured;"

The insured was sued in an action which alleged in a first cause of action that the insured negligently injured the complaining party, and in a second cause of action which alleged the insured had committed violent assault upon the complainant, inflicting injury upon her. Plaintiff herein notified the insuring company of the suit and requested that it assume insured's defense. Defendant company refused, claiming the action against the insured was within the above-quoted exclusion clause of its policy. In consequence, plaintiff was compelled to conduct his defense at his own expense. The jury returned a verdict in the insured's favor, thus completely exonerating him from the charge of negligent injury, as well as of the intentional injury of the person who brought the action. Plaintiff then brought this action against the insurance company to recover expenses incurred in defending the lawsuit against him. The company's answer admitted it issued plaintiff its policy of insurance containing the above-quoted provisions; that plaintiff notified the company of the suit brought against him; that it refused to defend plaintiff, and alleged the suit against the insured was of a nature specifically excluded by the terms of the policy issued to plaintiff. Thereupon plaintiff moved for summary judgment. The company also filed its cross-motion for summary judgment, supporting the same by affidavit of its counsel, stating he had investigated the matter of the alleged assault and battery charged in the second count of the action against plaintiff and obtained a statement from plaintiff concerning the same which was attached to counsel's affidavit. This statement related that plaintiff went to the home of the person filing the suit and took insured's wife from there, then returned to get his wife's purse, and that he knocked the "phone" from the hand of the complaining person when she started to call the police. The parties stipulated that the file in the action brought against the insured be considered by the court in passing upon the motions for summary judgment. The court entered summary judgment in favor of the defendant company on the question of its liability only, and held that judgment made moot any issue as to damages. The plaintiff appeals, insisting that although the assault and battery count was not covered by the policy, the negligence count required the company to defend the action.

The correctness of the lower court's judgment cannot be measured solely upon the assault and battery charge, but must be viewed in the light of both causes of action upon which the insured was sued.

We agree with appellee that where terms of an insurance policy are clear and unambiguous, they will be enforced the same as are the terms of other contracts, Addison v. Aetna Life Insurance Company, Wyo., 358 P.2d 948, 950; that parties have the right to embody in their insurance contract whatever lawful terms they wish and courts will not rewrite them, Rosenblum v. Sun Life Assur. Co. of Canada, 51 Wyo. 195, 214, 65 P.2d 399, 405, 109 A.L.R. 911, 919. We also agree the policy in this case does not require the company to defend an action if an injury is intentionally caused by or at the direction of the insured.

On the other hand, the appellant is correct in saying that in case of ambiguity or doubt respecting the terms of the policy,

the contract should be construed against the company and in favor of the insured. Wilson v. Hawkeye Casualty Co., 67 Wyo. 141, 215 P.2d 867; Royal Ins. Co. v. O. L. Walker Lumber Co., 24 Wyo. 59, 155 P. 1101.

It is clear that under Section II, clause "1. Coverage F—Liability" of the policy the company gave covenant that it would "pay on behalf of the Insured all sums which the Insured" became "legally obligated to pay as damages because of bodily injury * * * sustained by any person." It is just as clear that by clause 2, under the same Section II, the company undertook to "defend any suit against the Insured alleging such injury * * * even if such suit is groundless, false or fraudulent." Thus far it becomes unnecessary to resort to either of the rules of law above referred to for help in understanding or interpreting the engagement of the company. At this point, the company's obligation to indemnify the insured if subjected to liability, and to provide defense for insured if sued for damages because of bodily injury sustained by any person whether the suit is groundless, false or fraudulent, is unequivocal. But under the caption "Exclusions" it is as plainly stated that the provisions of Section II do not apply "to injury * * * caused intentionally by or at the direction of the Insured." The appellee contends that by virtue of this exclusion the company was justified in refusing to defend the action brought against the insured, because in one count it was alleged the insured "committed violent assault," resulting in injury to a person, thereby charging the insured with intentionally inflicting the injury and therefore absolving the company of any duty to defend.

The appellant has admitted that the assault and battery count is outside the coverage of the policy, so we will not discuss that aspect of the case, although we should not be understood as deciding that matter.

The appellee attempts to destroy the effect of the first count of the injury action by saying in its brief that the action under the second count for assault and battery pleaded in the second count could not be changed by amendment into an action for negligence, and cites Wilson v. Maryland Cas. Co., 377 Pa. 588, 105 A.2d 304, 50 A.L.R.2d 449, in support of that statement. It is true that the Wilson opinion states at 105 A.2d 307:

"* * * In the present case the cause of action against the insured, being for wilful assault and battery committed by him, could *not* be changed by amendment into a totally different cause of action based on negligence so as to bring it within the terms of the policy."

In a sense this statement was obiter, as there was no amendment of the cause of action in the Wilson case. The court's statement as quoted must therefore be understood as merely meaning that as the suit embraced only the single charge of assault and battery, that action could not be enlarged by such an amendment. However, in the case now before this court, the amended complaint itself consisted of two causes of action and separately charged injury through negligence in its first count and assault and battery in its second count. The second count charging violent assault and battery was not amended nor changed. The fact that the negligence count appeared for the first time in an amended complaint did not serve to make it an amendment of the charge of injury by assault and battery. That count remained unamended as pleaded in the original complaint. So we find ourselves squarely presented with the question whether the insurer was justified in refusing to defend a suit which contained two causes of action set forth in two separate counts, where one of those counts alleged a claim against the insured which he admits the company was not obligated to defend, but which also contained a separate count which is not subject to the exclusionary provision of the policy, as it is a claim for negligent injury only.

Appellee insists that notwithstanding the first count charged negligent injury, it

became a reiteration of the intentional injury charged by the second count when the claimed negligence was expressed in the words, "defendant * * * did negligently and wantonly inflict upon plaintiff serious bodily harm and injury," and in seeking punitive damages characterizing the insured's acts as wanton, malicious and unwarranted. Appellee bolsters this contention by pointing out the trial court in the injury action refused to give the jury either the plaintiff's or the defendant's offered instructions on negligence. As a matter of fact that court did not instruct on negligence at all. When it is recalled that the appellee has contended and the appellant has admitted the obligation of the insurer must be found in the allegations of the complaint rather than in the proof of the facts, it would be strange for us to adopt a contrary rule on this point and measure the allegations of the complaint by what the court did or did not do in instructing the jury. We do not have the testimony and evidence presented in the injury action, in the record before us, and in consequence have no way of knowing what evidence was given the jury respecting the negligence pleaded in the first cause of action. We must decide upon what is before us. The allegation in the first cause of action of the injury suit, that the negligence was wanton, together with the allegation respecting punitive damages that the acts were malicious, were mere conclusions, and in the absence of affirmative allegation that the injurious act was intentionally and purposely done with intent to wilfully and purposely inflict the injury were insufficient to charge an intentional injury. See 65 C.J.S. Negligence § 187h(1), p. 901; § 190a, pp. 907, 908. See also Annotation, 50 A.L.R.2d 511, E, § 26, and authorities cited thereunder.

There is also respectable authority to the effect that where the complaint does not state facts sufficient to clearly bring the case within or without the coverage, the general rule is that the insurer is obligated to defend if there is, *potentially,* a case under the complaint within the coverage of the policy.

Annotation, 50 A.L.R.2d 504, C, § 22(a), and authorities cited.

There is no doubt but that under the first count of the injury action evidence of the insured's negligence was admissible and could have supported a verdict, even though such evidence fell short of proving the insured's act or acts were wanton or malicious but were merely negligent. Such a potential made the charge subject to the contract and obliged the company to defend. As was lately said in Ritchie v. Anchor Casualty Company, 135 Cal.App.2d 245, 286 P.2d 1000, 1003:

> "* * * The draftsman of a complaint against the insured is not interested in the question of coverage which later arises between insurer and insured. He chooses such theory as best serves his purpose * * *."

If the petitioner in the injury case felt she might recover, even though her alleged injury was only the result of the insured's negligence, she was entitled to so plead. If she felt she could get a better recovery by pleading her injury was intentionally inflicted, she also had that right. The question of the insured's insurance coverage would not have affected the manner in which she voiced her minimum and maximum claim in different counts. The Ritchie case also says at 286 P.2d 1006:

> "If the complaint filed against the insured alleges several causes of action some of which are not covered by the policy but one or more being within its terms, the insurer is bound to defend the action. * * * [Cases cited.]"

Even where it is not free from doubt whether the company should defend, Judge Learned Hand said in Lee v. Aetna Casualty & Surety Co., D.C.N.Y., 81 F.Supp. 1008, affirmed 2 Cir., 178 F.2d 750, the insurer should resolve the doubt in favor of the insured.

Authorities cited by appellee in support of the claim that the assault and battery count was not covered by the insurance and

which was conceded by appellant need not be discussed.

Among appellee's authorities which are offered to support its position respecting the first count of the information is Lee v. Aetna Casualty & Surety Co., supra, but it does not support appellee's contention. It holds, among other things, that where several acts of negligence are alleged they require the insurer to defend until the class of the event is definitely fixed and then if it transpires the injury is not within the policy coverage, the insurer would need go on no longer. In Weis v. State Farm Mut. Auto Ins. Co., 242 Minn. 141, 64 N.W.2d 366, 367, 49 A.L.R. 2d 688, 691, also cited by appellee, it was alleged:

> "* * * that Weis [insured] had negligently, carelessly, and recklessly, *deliberately,* and unlawfully run into the rear of the James [plaintiff] automobile and that he wantonly, maliciously, wilfully, and repeatedly did so. * * *" (Emphasis supplied.)

These affirmative allegations are far different from the bare conclusions appearing in the instant matter. Similarly in Lawrence v. Northwest Casualty Company, 50 Wash. 2d 282, 311 P.2d 670, 671, the complaint was amended to allege the injury was inflicted carelessly and negligently as well as wilfully and *intentionally.* Here again the direct and affirmative allegations of the intent which removed the suit from the insurance coverage were present. Other decisions cited by appellee are even less persuasive in support of appellee's position.

From what has been said, we must conclude the summary judgment of the district court was in error in that it failed to recognize that under the allegations of simple negligence contained in the first count of the injury action, the insured could have suffered liability from which he was entitled to be defended and indemnified by the company. The summary judgment of the district court is reversed and the case remanded with direction to enter summary judgment in favor of the insured on the sole issue of the company's liability and to proceed with the trial of the issue of the amount of damages.

Reversed and remanded with directions.