493 P.2d 528

Richard J. SAGGAU, Individually and as
Guardian ad Litem of Kent Saggau,
a minor, et al., Appellants,

v.

STATE FARM MUTUAL INSURANCE
COMPANY, a corpora-
tion, Appellee.

No. 1 CA–CIV 1274.

Court of Appeals of Arizona,
Division 1,
Department B.

Feb. 9, 1972.

Rehearing Denied March 9, 1972.

Review Denied April 25, 1972.

Harrison, Myers & Singer, by Mark I.
Harrison, Noel K. Dessaint, Phoenix,
Clyde E. Douglas, Phoenix, for appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph Hunsaker, Phoenix, for appellee.

EUBANK, Judge.

This appeal is from a declaratory judgment in favor of State Farm Mutual Insurance Company, hereafter "State Farm," declaring that no policy of insurance of State Farm existed covering Michael Kitchen, a minor, or his parents, Albert A. Kitchen and Meredith J. Kitchen, on October 8, 1965, the date of an accident involving Michael and resulting in an injury to the other appellant, Kent Saggau, and his passenger.

Appellants raise four questions for our consideration on appeal. They are:

"1. Did State Farm's agent, Joe Kearney, bind insurance coverage on the Kitchen vehicle?

2. Did State Farm's settlement with Saggau's passenger estop the company from denying the existence of coverage or from limiting coverage thereafter?

3. Did Mrs. Kearney, the wife of State Farm's agent, have the apparent authority necessary to bind coverage on the Kitchen vehicle?

4. Where there is a factual dispute as to whether or not the contract of insurance preceded a loss for which the insurance was obtained, should doubts be resolved against the insurer and in favor of the insured?"

The fact issues were tried by the court, as authorized by A.R.S. § 12–1839 and Rule 57, Rules of Civil Procedure, 16 A.R.S., without a jury. Neither party requested the trial court to make findings of fact and conclusions of law and, except for paragraph 1 of the declaratory judgment, *infra*, none were made. Paragraph numbered 1 of the judgment reads:

"1. On October 8, 1965, there was no policy of automobile liability insurance in existence which was issued by State Farm íMutual Insurance Company covering Michael Kitchen and/or Albert A. Kitchen and Meredith J. Kitchen, husband and wife, which would cover the loss which is the subject matter of Cause No. 186234 pending in the Superior Court of the State of Arizona, County of Maricopa, and further there is no obligation on the part of plaintiff State Farm Mutual Insurance Company to provide a defense to Cause No. 186234 in the Superior Court of the State of Arizona, County of Maricopa, to the defendants therein, Michael Kitchen, a minor, and/or Albert A. Kitchen and Meredith J. Kitchen, husband and wife."

■ Under these circumstances, where we are reviewing the sufficiency of the evidence to support a judgment on appeal and where no findings of fact are made, we are required to draw all inferences which arise from the evidence in favor of sustaining the judgment. Jerger v. Rubin, 106 Ariz. 114, 471 P.2d 726 (1970); Logan Drilling Co. v. O. S. Stapley Co., 14 Ariz. App. 65, 480 P.2d 680 (1971); Kay v. Biggs, 13 Ariz.App. 172, 475 P.2d 1 (1970). The four questions raised on appeal by appellants relate to factual determinations made by the trial court and in reality each questions the sufficiency of the evidence to support the conclusions of law reached by the court in paragraph 1 of the judgment, *supra.*

■ Our review of the record reveals a basic conflict in the evidence as to whether or not State Farm's agent, Joseph Kearney, or his wife in his absence, ever communicated an oral binder of insurance coverage to Mrs. Meredith Kitchen insuring her minor son's automobile on the day of the accident. Mr. Kearney and his wife both testified that they didn't, while Mrs. Kitchen testified, by inference, that they did. The court reconciled the conflict and believed the Kearneys. Furthermore, taking the inference from the evidence in support of the judgment, the record strongly supports the conclusion reached by the trial court, and in addition it would support a finding of fact that Mrs. Kitchen learned of the accident on the evening of October 8, 1965, and rushed over to Kearney's

home to deliver her check for the insurance premium *after* the accident had occurred; and, further that the telephone conversation between Mrs. Kitchen and State Farm's agent Joseph Kearney in late August or early September, 1965, did not result in an oral binder.

The evidence shows that the accident occurred at 8:00 P.M.; that the police were on the scene at 8:05 P.M.; that Mrs. Kitchen telephoned the Kearney home at 8:30 P.M. in order to find out where the Kearneys lived so that she could deliver the insurance premium check and other information required to obtain coverage on her son's automobile; that although Mrs. Kearney was alone at home, Mrs. Kitchen insisted on taking the check to Kearney's home rather than delivering it or mailing it to his office in Scottsdale, and that Mrs. Kitchen arrived at Kearney's house about 8:45 P.M. Mrs. Kitchen denied prior knowledge of the accident and disputed the time sequence, but the trial court could have drawn the inference from this evidence that she did know of it and that the accident furnished the motivation for her subsequent conduct. Further, it is also contended by Mrs. Kitchen that in the latter part of August, 1965, she telephoned State Farm's agent Joe Kearney at his office concerning liability insurance coverage for her son Michael, who was to become 16 years old on September 22, 1965, and that the discussion included her intended purchase of an automobile for Michael's use. She contends that an oral binder resulted from this conversation. The record shows that State Farm's agent took notes of the conversation, which are in evidence, and that he testified that he merely quoted her an insurance rate for such coverage and denied an oral binder. Again the record shows a clear conflict in the evidence on the question of whether an oral binder was ever intended.

Also involved in the fact finding process is the weight to be given the testimony of the witnesses. Obviously, the trial court believed the Kearneys' testimony and discounted that of Mrs. Kitchen. Our review of the record leads us to the same conclusion.

Passing to a question of law, an oral binder is permitted under Arizona law. A.R.S. § 20–1120. Such a binder is an oral contract which incorporates the terms of a prospective formal insurance contract into it. As such there must be a meeting of the minds between the parties in order to effect it. Turner v. Worth Insurance Co., 106 Ariz. 132, 472 P.2d 1 (1970). This would include at the least agreement as to the subject matter, the risk, the duration and amount of coverage, the amount of the premium, and the identity of the parties. *See*, Annot. 12 A.L.R. 3rd 1304 (1967) and the cases cited therein. In addition, the burden of proving the oral contract would be upon the Kitchens. In the matter *sub judice*, taking all inferences in favor of supporting the judgment the record fails to support the contention that a meeting of the minds occurred between the parties to this appeal resulting in an oral insurance binder.

Appellants also raise an estoppel defense on appeal. They contend that the doctrines of quasi-estoppel and equitable estoppel bar State Farm from denying coverage since State Farm settled one claim arising out of the same accident. The record shows that Tim Henthorn, a passenger on Kent Saggau's motorcycle at the time of the accident, was injured in that accident. Henthorn was contacted by State Farm and on August 29, 1966, he executed a release for a consideration by which Michael Kitchen was released from any liability arising out of the accident. This executed release is the basis for the claimed estoppel.

The estoppel defense fails for two reasons. First it was not pleaded in the answer as an affirmative defense as is required by Rule 8(d), Rules of Civil Procedure, 16 A.R.S. and it was therefore

**364**

waived pursuant to Rule 12(i), Rules of Civil Procedure, 16 A.R.S., Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603 (1945); 2 Moore's Federal Practice, § 8.27 [3] (1968).[1] Second, it fails because there was no justifiable right to rely or actual reliance shown by the Kitchens. *See*, Trollope v. Koerner, 106 Ariz. 10, 470 P.2d 91 (1970); Knight v. Rice, 83 Ariz. 379, 321 P.2d 1037 (1958). The record shows that five days after the accident occurred Mrs. Kitchen and Mike executed an instrument titled, "Authorization For Claim Service and Non-Waiver of Rights" which stated:

"The undersigned requests and authorizes:

STATE FARM Mutual Automobile Insurance Company to investigate, negotiate, settle, deny or defend any claim arising out of an accident or occurrence on or about:

October 8 1965

It is agreed that such actions shall not waive any of the rights of the undersigned or of the Company under any contract of insurance.

Dated at Scottsdale, Arizona this 13th day of October 1965"

The settlement with Henthorn occurred almost a year later, on August 17, 1966. There is no evidence in the record that the Kitchens relied on this settlement to their injury, or that they were in any way injured or misled by the release. *See*, Knight v. Rice, *supra*. Quite to the contrary, they were benefitted by it because their possible contingent liability to Henthorn was thereby released.

For the reasons stated it is our opinion that all four of appellants' questions on appeal must be answered in the negative.

Judgment is affirmed.

HAIRE, P. J., and JACOBSON, J., concur.

1. Rule 57, Rules of Civil Procedure, 16 A.R.S., governing declaratory judgment actions makes the Rules of Civil Procedure applicable to the disposition of such actions.