516 P.2d 1395

Victor ARKO and Gail Timothy, Plaintiffs and Appellant,

v.

FARMERS INSURANCE EXCHANGE, a corporation, and Ken Hansen, Defendants and Respondents.

No. 13318.

Supreme Court of Utah.

Dec. 17, 1973.

---

Allan L. Larson, of Worsley, Snow & Christensen, D. Clayton Fairbourn, Salt Lake City, for plaintiffs-appellant.

Don J. Hanson, of Hanson & Garrett, Salt Lake City, for defendants-respondents.

TUCKETT, Justice:

The plaintiffs commenced this action in the district court against the defendants. Farmers Insurance Exchange and its agent Ken Hansen, for a declaratory judgment that Gail Timothy and Farmers entered into a verbal contract providing insurance coverage on an automobile purchased by Timothy.

The trial was had to a jury during which the court dismissed the complaint as to the defendant Ken Hansen on the ground that Hansen was an agent of Farmers and that Farmers would be liable for the acts of Hansen. No appeal was taken from that ruling. At the conclusion of the plaintiffs' evidence the court granted the motion of the defendant Farmers to dismiss plaintiffs' case and the court entered a judgment of dismissal. From that decision the plaintiff Timothy appealed.

On April 21, 1969, the plaintiff Timothy went to an automobile dealer in Salt Lake City where he purchased a used automobile. The sale on behalf of the dealer was made by a salesman named Steve Argyle. While the automobile was being prepared Timothy informed Argyle that he wanted insurance on the automobile and requested assistance in obtaining it. Argyle called Ken Hansen, who was an agent of Farmers and who had his office adjacent to the automobile dealer's premises. Timothy had purchased another automobile from the same dealer sometime before and the policy of insurance was obtained through Hansen.

At the time of the transaction here involved Argyle called Hansen and informed him that Timothy had purchased another automobile and wished insurance coverage. Argyle furnished to Hansen the automobile's identification and other pertinent information. Argyle testified that Hansen stated he could get the other information necessary from Timothy's prior application

and that it would not be necessary for Timothy to sign a new application. Argyle also testified that Hansen informed him that Timothy would be billed for the premium. Timothy testified that he heard what Argyle had stated on the telephone in the call to Hansen. Timothy also testified that he heard nothing further from Farmers or from Hansen concerning the insurance between April 21 and May 10, 1969, when he was involved in an accident. The day following the conversation between Hansen and Argyle an application was prepared by Hansen's office which listed the same coverages as were contained in the prior policy. Hansen discovered that the prior policy issued to Timothy had been canceled and that notice of cancellation had been mailed to Timothy. Timothy and his wife had separated and she took possession of the automobile owned by Timothy at the time. Timothy however testified that he did not see the notice of cancellation.

Hansen testified that at the time of his conversation with Argyle he assumed that the automobile being purchased at that time would be added to the pre-existing policy. Hansen had on prior occasions at the request of Argyle given verbal binders on insurance where premiums had not been paid in advance and where applications had not been completed.

The careful consideration of the record in this case leads us to the conclusion that there was sufficient evidence from which the jury might have concluded that a verbal contract of insurance coverage had been entered into. The burden was on the plaintiffs to prove that a verbal contract had been entered into and the terms and conditions thereof.[1] The weight to be given to the evidence was for the jury and it was error for the court to conclude as it did that the plaintiffs had failed to prove that there was a meeting of the minds by a preponderance of the evidence. Verbal contracts for insurance coverage are valid and when entered into may result in temporary coverage.[2]

This matter is remanded to the court below for a new trial. Plaintiffs are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

1. Saggau v. State Farm Mutual Ins. Co., 16 Ariz.App. 361, 493 P.2d 528.

2. Turner v. Worth Ins. Co., 106 Ariz. 132, 472 P.2d 1; Long v. United Benefit Life Ins. Co., 29 Utah 2d 204, 507 P.2d 375; Lynn v. Farm Bureau Mutual Auto. Ins. Co., 4 Cir., 264 F.2d 921.