Eitel F. TADDAY and Ben Gerber,
Appellants (Defendants),

v.

NATIONAL AVIATION UNDERWRIT-
ERS, Attorney-in-Fact for National In-
surance Underwriters, a reciprocal ex-
change, Appellee (Plaintiff).

No. 5741.

Supreme Court of Wyoming.

March 17, 1983.

Evalyn B. Carson, Mooresville, N.C., and Ellen Crowley, Cheyenne, for appellants.

William S. Bon and Richard R. Wilking, Casper, and Hugh C. Griffin, Terry W. Backus, and Victoria A. Clonninger, of Lord, Bissell & Brook, Los Angeles, Cal., for appellee.

Before ROONEY *, C.J., and RAPER, THOMAS, ROSE ** and BROWN, JJ.

BROWN, Justice.

Appellee insurance company was plaintiff and appellants were defendants in a declaratory judgment action concerning a dispute over insurance coverage. The trial court granted a directed verdict for appellee on the issues of waiver and estoppel. The jury returned a general verdict for appellants, and returned answers to special interrogatories. The trial court granted a judgment notwithstanding the verdict (JNOV) to appellee, because one of the special interrogatories answered by the jury was inconsistent with the general verdict. Appellants appeal from the granting of the directed verdict and from the granting of the JNOV.

Appellants raise four issues: whether the trial court erred in directing a verdict on the issues of waiver and estoppel; whether the trial court erred in granting a JNOV; whether appellants were entitled to a special interrogatory concerning ambiguity in the insurance policies; and whether appellants were entitled to attorney fees.

We will affirm.

In January, 1978, appellee issued an insurance policy on certain aircraft to Wyoming Central Aero-Ways, Inc. (Wyoming Central). The airplane involved here was added to this policy of insurance in November, 1978. After the initial policy was issued, Wyoming Central sold or conditionally sold the airplane to Delta II, which then leased the airplane back to Wyoming Central.

On December 19, 1979, the airplane involved here crashed in Montana, injuring appellants, who were passengers. They filed suit in the United States District Court in Montana in May, 1980, for damages. The defendants in the Montana case were Wyoming Central (the insured) and Anderson and Soester, dba Delta II (purchaser of the airplane from Wyoming Central). Appellee defended Wyoming Central, subject to a reservation of its rights.

In October, 1980, appellee brought a declaratory judgment action against appellants and others, asking the trial court to determine that its policy of insurance issued to Wyoming Central did not afford liability coverage for the December 19, 1979, accident.

* Became Chief Justice on January 1, 1983

** Chief Justice at time of oral argument.

## I

Appellants' first assignment of error is based on the trial court's granting a directed verdict for appellee on appellants' defenses of waiver and estoppel. Their argument is twofold.

A. Appellee waived or is estopped from denying liability coverage under the policies because they settled with one of the defendants to the declaratory judgment action; and

B. Appellee retained premiums paid by Wyoming Central for insurance on the aircraft involved here.

## A

In the district court there were defendants other than appellants, who are not involved in this appeal. Wyoming Central was one such party. Appellee made a settlement with Wyoming Central on hull insurance; appellants unsuccessfully tried to introduce the settlement into evidence.

Appellants argue that they should have been allowed to introduce evidence of this settlement because it showed that the appellee "had by its conduct waived any right it possessed to claim forfeiture by the insured." Appellants' argument fails for two reasons: appellee was not trying to claim a forfeiture of coverage by the insured; and a payment of one claim does not estop an insurer from contending that another claim arising out of the same occurrence was not covered by the policy.

A case from the Tenth Circuit Court of Appeals made the distinction between an insurer trying to claim forfeiture of coverage by an insured, and an insurer arguing that the policy simply never covered the insured. In *State Farm Mutual Automobile Insurance Company v. Petsch*, 261 F.2d 331 (10th Cir.1958), the court held that even an express representation by an insured's agent that the policy when issued fully protected the insured against an employee's claim did not estop the insurer from subsequently denying coverage where the policy provisions plainly excluded coverage for workmen's compensation. The court of appeals said, at 335:

" * * * [T]he coverage of an insurance policy may not be extended by waiver or estoppel. This is in accord with general law. The Wyoming cases of *Wyatt v. State Farm Fire & Casualty Co.*, Wyo., 322 P.2d 137, and *New Hampshire Fire Ins. Co. of Manchester v. Boler*, 55 Wyo. 530, 102 P.2d 39, are not in point because they involved waiver of right to avoid or forfeit rather than extension of coverage."

This court applied the same principle in *Sowers v. Iowa Home Mutual Casualty Insurance Company*, Wyo., 359 P.2d 488 (1961), holding that an agent's representations concerning policy coverage did not estop the insurer from denying coverage and that the representations did not mean that the insurer waived the policy provisions excluding coverage for the accident.

" 'While a forfeiture of benefits contracted for in an insurance policy may be waived, the doctrine of waiver or estoppel cannot create a liability for benefits not contracted for. Nor may a contract, under the guise of waiver, be reformed to create a liability for a condition specifically excluded by the specific terms of the policy. * * * *The doctrine of implied waiver or estoppel is not available to bring within the coverage of an insurance policy risks that are not covered by its terms or that are expressly excluded therefrom* * * *.' " (Emphasis added.) *Sowers v. Iowa Home Mutual Casualty Insurance Company, supra*, at 493.

The cases cited by appellants do not stand for a contrary rule; rather, they each involve an alleged forfeiture of benefits by the insured, to which the doctrines of waiver and estoppel may be applied. No issue of forfeiture of benefits otherwise contracted for is presented here. Rather, as in *Sowers v. Iowa Home Mutual Casualty Insurance Company*, supra, and in *State Farm Automobile Insurance Company v. Petsch*, supra, the directed verdict for the appellee on the issues of waiver and estoppel was entered because only flights made for a business purpose of Wyoming Central were covered under the policy. The waiver and

estoppel doctrines are therefore inapplicable.

■ Appellants could be trying to imply that the appellee admitted coverage of anything having to do with the airplane and business use by settling on the hull coverage. This argument also fails. An insurer, by settling one claim arising from an accident, may still deny coverage as to another claim. 45 C.J.S. Insurance, § 743, p. 755 (1946). In *Saggau v. State Farm Mutual Insurance Company,* 16 Ariz.App. 361, 493 P.2d 528 (1972), an insurer settled one claim arising from an accident. The settlement was made after the execution of a nonwaiver agreement. There was nothing in the record to show that the people claiming insurance had relied to their injury on the settlement. The court held that the insurer was not estopped from denying coverage of the disputed claim.

A settlement on a policy or part of it may be made for many reasons. In *Randolph v. Fireman's Fund Insurance Company,* 255 Iowa 943, 124 N.W.2d 528 (1963), well before appellant employee was injured, another employee had sustained an injury which the insurer had covered without protest. As to the payment without protest to the first employee, the court said:

> " * * * Whether the defendant paid it by oversight, or because it was so small it did not care to provoke a controversy, or to promote public relations, or because of any other reason does not clearly appear. In any event, the governing rule is clear, * * * 'The rule is well established that the doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer, are not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom * * *.' " *Randolph v. Fireman's Fund Insurance Company,* supra, at 531–532.

■ Here, appellee's settlement of the hull coverage claim with Wyoming Central was made with a full reservation of appellee's rights and the express provision that the settlement should not in any way be construed as admitting coverage under the policy or waiving any of appellee's rights or any of Wyoming Central's rights. We do not know the reason appellee settled with Wyoming Central on the hull insurance. We do know that it was not saying that Wyoming Central had forfeited its hull coverage, but that appellee was going to pay it anyway. Because this case does not involve an alleged forfeiture, the doctrines of waiver and estoppel do not apply.

### B

■ Appellee double-billed Wyoming Central and retained both payments for over two years. Appellants contend that appellee by this act also "waived any right it possessed to claim forfeiture by the insured." Again, appellee was only asserting that there had never been any coverage to forfeit. Generally an insurer waives the right to assert a forfeiture when it accepts or enforces payment of a premium or retains a premium which it has received, providing that it knows the insured has acted in a way which might entitle the insurer to claim a forfeiture of the policy. *Jackson v. United Benefit Life Ins. Co.,* 54 Wyo. 62, 86 P.2d 1089 (1939). However, appellants' argument once again fails because appellee was not claiming a forfeiture of policy coverage. It was claiming that coverage for appellants' damages never existed under the policy and was never intended to exist when the airplane was not being used for the business purposes of Wyoming Central. Appellants' waiver and estoppel arguments are as inapplicable here as they were in the section dealing with the hull insurance coverage.

### II

Appellants agree that the general verdict and the answer to one of the special interrogatories are inconsistent, but complain about the manner in which the trial court handled this inconsistency. Appellee made a motion for JNOV in chambers immediately after the jury was discharged. The trial court did not act upon the motion until after briefing by the parties.

The jury returned a general verdict as follows:

"1. Is there insurance for Wyoming Central Aero-Ways, Inc., for the personal injuries claimed by the occupants; Gerber, Tadday, Soester and Perry, as a result of the accident of December 19, 1979, involving the Piper Turbo-Lance aircraft, N2168D, under Policy Part I, Aircraft Liability?

"Yes ____ x ____     No _____"

The jury answered a special interrogatory pertinent here was answered by the jury as follows:

"3. At the time of the accident of December 19, 1979, was the flight being made for a business purpose of Wyoming Central?

"Yes _____     No ____ x ____"

Appellants argue that the trial court had only three alternatives when it became apparent that there was an inconsistency between a special interrogatory and the general verdict. The court could reconcile the answers to the verdict; it could resubmit the verdict to the jury; or it could order a new trial. According to appellants, the trial court had no authority to grant a JNOV because of the inconsistency.

The alternatives suggested by appellants are incomplete. Rule 49(b), Wyoming Rules of Civil Procedure, specifically provides for the entry of a JNOV when one or more answers to the interrogatories is inconsistent with the general verdict. Rule 49(b), W.R.C.P., provides:

" * * * When the general verdict and the answers are harmonious, the court shall direct the entry of the appropriate judgment upon the verdict and answers. *When the answers are consistent with each other but one (1) or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict* or may return the jury for further consideration of its answers and verdict or may order a new trial. When the answers are inconsistent with each other and one (1) or more is likewise inconsistent with the general verdict, the court shall not direct the entry of judgment but may return the jury for further consideration of its answers and verdict or may order a new trial." (Emphasis added.)

Rule 49(b), W.R.C.P., is patterned after Rule 49(b), Federal Rules of Civil Procedure. Federal courts have held that the rule gives the trial court discretion in the action it takes when inconsistencies appear in the verdicts. *Cundiff v. Washburn,* 393 F.2d 505 (7th Cir.1968). In *Stoddard v. School District No. 1, Lincoln County,* Wyoming, 590 F.2d 829, 834 (10th Cir.1979), the appellate court affirmed the trial court's entry of JNOV against the school officials based on the jury's special interrogatory answers:

" * * * Finding that the answers to the interrogatories were consistent with each other, but inconsistent with the general verdict and otherwise irreconcilable, the trial court entered judgment against Deromedis, Johns and Dayton in their individual capacities in accordance with the answers, notwithstanding the general verdict. Such is permitted by Fed.R.Civ.P. 49(b) and we find no error in this action by the trial judge. [Citations.]"

In *Barnes v. Brown,* 430 F.2d 578 (7th Cir.1970) the court held that when the special verdict is inconsistent with the general verdict, the former controls, unless the special verdict is against the manifest weight of the evidence. Here there was a question of fact whether the airplane was being used in the business of the insured at the time of the crash. We cannot say that the jury's answer to Special Interrogatory No. 3, wherein it found that at the time of the accident the aircraft was not being used for the business purposes of the insured, was against the manifest weight of the evidence.

Appellants make several complaints about the special interrogatories prepared by appellee that the court submitted to the jury. Their principal objection to the special interrogatories is that they were surprised. They seem to argue that it was somehow unfair of appellee to ask the court to allow special interrogatories after the

instructions and the general form of the verdict had been settled. They also contend that because of the custom in the Seventh Judicial District not to submit special interrogatories to the jury, they had not prepared their own. We do not know that special interrogatories are rare in the Seventh Judicial District; we have only the statement of appellants' counsel to that effect. Proposing special interrogatories should not surprise counsel, however, because the provision permitting such interrogatories has been in effect for many years.[1]

▪ Rule 49(b), W.R.C.P., also provides: "General verdict accompanied by answer to interrogatories. The court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one (1) or more issues of fact the decision of which is necessary to a verdict. The court shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict, and the court shall direct the jury both to make written answers and to render a general verdict. * * * "

Submitting or not submitting special interrogatories to the jury is a discretionary matter with the court. *Rissler & McMurry Company v. Atlantic Richfield*, Wyo., 559 P.2d 25 (1977). We do not see that the trial court abused its discretion in submitting the special interrogatories to the jury.

▪ Appellants also contend that since the special interrogatories asked a question concerning business purposes, there should have been an instruction defining business purposes. We cannot disagree with that argument. During the conference at which the instructions were discussed, appellants did suggest that there ought to be an instruction defining business purposes; however, they did not offer one. Furthermore,

appellants did not request additional time to prepare interrogatories or other instructions of their own. They cannot now complain about an alleged deficiency.

Rule 51, W.R.C.P., provides:

" * * * [A]ny party may file written requests that the court instruct the jury on the law as set forth in the requests. * * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * * "

The reason for this rule has been stated numerous times and need not be repeated here.

Appellants say that the trial court made no effort to reconcile the special interrogatories with the general verdict. Under Rule 49(b), W.R.C.P., however, the trial court does not have to attempt to reconcile a general verdict and an answer to a special interrogatory which are inconsistent, as long as the answers to the special interrogatories are consistent with each other. The court did not abuse its discretion in allowing the special interrogatories or in granting the JNOV.

## III

▪ There were two insurance policies involved here. The insurance policy called "astropak" provided:

"ITEM 8 AIRCRAFT USE: In the event that insurance is afforded under 'Policy Part I Aircraft Liability' or 'Policy Part II Aircraft Hull,' in respect to Policy Part I or II the aircraft will be used *only in the business operations of the Insured named in Item 1 of the Declarations.* * * * " (Emphasis added.)

Effective December 1, 1979, appellee replaced the astropak policy with a new policy called a "plane language" policy. This latter policy provided:

---

1. Rule 49(b), W.R.C.P., is patterned after the federal rule and was adopted in Wyoming effective December 1, 1957.

"AIRCRAFT USE: If *you* have purchased aircraft hull or liability insurance, *your* insurance applies only while the *aircraft* is being used in the *policy* owner's business as covered by this policy * * *."

Appellants argue that there was ambiguity in the insurance contracts and that they were entitled to a special interrogatory asking the jury if the insurance policies were ambiguous. Appellants also argue that the insured, Wyoming Central, was not aware of and had not received the "plane language" policy before the airplane crash, and that it had not even been put together. Appellants further contend that even as late as trial, appellee was not entirely sure which policy was in force. These contentions are of no consequence, even if correct. The controlling language in both policies is that liability coverage is in effect only in connection with the business operations of Wyoming Central. There is no difference and no ambiguity in the applicable portions of the two insurance policies. Further, assuming arguendo that appellants may have been entitled to a special interrogatory asking the jury whether the insurance policy was ambiguous, they did not ask for one.

The court also gave appellants the benefit of the doubt and instructed the jury that any ambiguity in the policy must be strictly construed against the insurance company and in favor of the insureds or the company's insured. Also, the jury was instructed that the test was not what the insurance company intended its words to mean, but what a reasonable person would have understood them to mean. No objection was made to these instructions. Appellants got more than they were entitled to because of them. Their argument concerning a special interrogatory on ambiguity is without merit.

IV

■ Appellants' claim for attorney fees is based on § 26–15–126(c), W.S.1977, which provides:

"In all actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company has refused to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year."

We have determined here that appellee was correct in denying coverage under the insurance policy insofar as appellants are concerned. We need not give further consideration to the matter of attorney fees. Appellants concede as much by saying that they " * * * are entitled to attorney fees if their cause is found just and their appeal is successful." Their appeal was unsuccessful. Judgment was properly rendered against them, and they are not entitled to any statutory attorney fees.

Affirmed.

THOMAS, Justice, specially concurring.

I agree that the judgment of the district court in this case must be affirmed. I am in complete agreement with the discussion in the majority opinion with respect to the issues involved in Parts I, II and IV. I do find a different ground for affirming the decision of the district court to grant the judgment notwithstanding the verdict which is treated in Part II of the majority opinion.

It is my view that the problem relating to the granting of the judgment notwithstanding the verdict is not really an issue arising under Rule 49(b), W.R.C.P., and to a degree the parties may have misled the court by treating the question as one involving a conflict between a general verdict and an answer to special interrogatories under that rule. For me the difficulty occurred because the district court in its general verdict submitted a question of law to the jury. The question presented in the general verdict was:

"Is there insurance for Wyoming Central Aero-Ways, Inc., for the personal injuries claimed by the occupants; Gerber, Tadday, Soester and Perry, as a result of the accident of December 19, 1979, involving the Piper Turbo-Lance aircraft, N2168D, under Policy Part I, Aircraft Liability?"

That issue instead of being submitted to the jury should have been the object of an instruction on the law.

Insurance policies are special forms of contracts, and this court uniformly has recognized the right of the parties to an insurance contract to embody whatever lawful terms they desire in their contract. The court will not rewrite such a contract under the guise of judicial construction. *Worthington v. State,* Wyo., 598 P.2d 796 (1979); *State Farm Mutual Automobile Insurance Company v. Farmers Insurance Group,* Wyo., 569 P.2d 1260 (1977); *Alm v. Hartford Fire Insurance Company,* Wyo., 369 P.2d 216 (1962); and *Rosenblum v. Sun Life Assur. Co. of Canada,* 51 Wyo. 195, 65 P.2d 399, 109 A.L.R. 911 (1937). In the absence of any ambiguity, insurance policies are to be enforced according to the plain, ordinary meaning of their terms, which is done to effectuate the expressed intention of the parties. *Worthington v. State,* supra; *McKay v. Equitable Life Assurance Society of United States,* Wyo., 421 P.2d 166 (1966). These legal principles are applicable in an instance such as this which is aptly and correctly described by the majority opinion in Part III in which it is said with respect to clauses in two policies which were before the court:

" * * * There is no difference and no ambiguity in the applicable portions of the two insurance policies. * * * "

In the absence of ambiguity the construction and interpretation of the language of the agreement is accomplished by the court as a matter of law. *Tate v. Mountain States Telephone and Telegraph Company,* Wyo., 647 P.2d 58 (1982); *Madison v. Marlatt,* Wyo., 619 P.2d 708 (1980); and *Shepard v. Top Hat Land & Cattle Co.,* Wyo., 560 P.2d 730 (1977).

With respect to the trial of cases involving insurance policies, the matter is aptly stated in 46 C.J.S. Insurance § 1368, pp. 599–600:

"The construction and interpretation of the terms of the policy are questions of law for the court,[27] where there is no ambiguity in the language of the policy when applied to the undisputed facts,[28] and it is error to leave its construction to the jury;[29] but disputed questions of fact on which the construction rests should be submitted to the jury,[30] * * *." (Footnotes omitted.)

A number of cases are cited in the footnotes of C.J.S. supporting these propositions.

It was proper for the district court to submit to the jury the issue of whether at the time of the accident the flight was being made for a business purpose of Wyoming Central Aero-Ways, Inc. Once that issue was resolved by the jury, however, the applicable language in the insurance policy unequivocally provided that there would be no coverage. The jury should have been so instructed by the district court, but since the question instead was submitted to the jury which returned an incorrect verdict in response to that submission, the appropriate technique for correcting the problem at that stage of the proceedings was the granting of the motion for judgment notwithstanding the verdict.

While the parties have not argued the case upon this premise, it seems so clear to me that this is the appropriate avenue for disposing of the issue that I feel compelled to provide this special concurring opinion.