77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 The BURLINGTON INSURANCE COMPANY, Plaintiff-Appellant,
v.
The Utah Navajo FAIR, its executive officers, directors or
stockholders; and Kay Whitaker, personal
representative of the Estate of Thomas
Mobley, Defendants-Appellees.
 No. 95-4062.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1996.
 
 Before ANDERSON, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Burlington Insurance Company appeals the district court's grant of summary judgment to defendants in this insurance coverage dispute. Defendant Utah Navajo Fair (the "Fair") obtained insurance coverage for a four-day event through an independent agent who bound coverage under an oral binder. It is undisputed that no written policy was ever delivered to the Fair. Thomas Mobley was assisting in the timing of vehicles involved in a speed contest called a mug bog, and was killed when one of the vehicles left the mud pit and struck him. Defendant Kay Whitaker, as personal representative of Mr. Mobley's estate, brought a wrongful death action against the Fair, and the Fair demanded that Burlington defend the suit and indemnify the Fair under the policy. Burlington commenced this suit, seeking a declaratory judgment that the policy did not cover any claims arising from Mr. Mobley's death. Following cross-motions for summary judgment, the district court granted summary judgment to defendants.
 
 
 3
 We have jurisdiction over this appeal pursuant to 28 U.S.C. 1291. We review the district court's grant of summary judgment to defendants de novo, applying the same standards as the district court under Fed.R.Civ.P. 56(c). Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir.1995). We review the record on appeal, viewing the facts and reasonable inferences therefrom in a light most favorable to the party opposing summary judgment, here the plaintiff. Id. The district court's jurisdiction was premised on diversity and on plaintiff's declaratory judgment suit pursuant to 28 U.S.C. 2201. In this diversity action, we apply the law of Utah, including its conflicts laws. See Machinery Ctr., Inc. v. Anchor Nat'l Life Ins. Co., 434 F.2d 1, 3 (10th Cir.1970). Because all of the operative facts occurred in Utah, there is no question that Utah law is applicable to determine coverage under the insurance policy. See Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882, 888 (10th Cir.1991)(applying "most significant relationship" test under Utah conflicts law to determine controlling state law in insurance dispute). In applying Utah law here, we afford no deference to the district court's legal rulings. See Salve Regina College v. Russell, 499 U.S. 225, 238 (1991).
 
 
 4
 The district court's order, in short numbered paragraphs, appears to grant summary judgment to defendants on various, perhaps alternative, grounds. In pertinent part, the district court ruled that 1) the policy terms and exclusions were not communicated to the Fair, 2) non-delivery of the policy was a "fatal defect" in the policy's form, 3) two clauses of the policy conflicted and created an ambiguity which should be interpreted against Burlington, and 4) coverage was not precluded under the policy's provision excluding coverage to "participants." Appellant's App. at 387.
 
 
 5
 On appeal, Burlington raises two legal challenges. First, it contends that there is no ambiguity within the insurance policy for two reasons, one involving legal interpretation of the contract terms, and the second based on Burlington's allegation that the policy covered "risks associated with ownership or maintenance of the premises (including claims from patrons who might have tripped and fallen in the grandstand ... )." Second, Burlington contends non-delivery did not invalidate the terms and exclusions of the policy where an oral binder secured coverage and the parties did not contemplate delivery of the policy before coverage terminated.[2]
 
 
 6
 We need not analyze the district court's legal rulings, however, because we conclude that the district court erred by making a finding on what appears to be a disputed issue of material fact.[3] The district court found: "The terms of the policy and the provisions of the exclusions were not communicated to the insured, Defendant The Utah Navajo Fair." Appellant's App. at 387. The parties have presented, by affidavit, conflicting evidence on this point. See Farmers Ins. Exch. v. Call, 712 P.2d 231, 236-37 (Utah 1985)(characterizing the disclosure of an exclusion in insurance contract as both material and factual). Within its statement of facts, Burlington cites to deposition testimony from a member of the Utah Fair Board to the effect that the insurance coverage contemplated for the four-day event was not a comprehensive policy, but a policy which covered spectators only. Appellant's Brief at 5-6. In contrast, defendants contend that the Fair Board requested comprehensive coverage, and cite to other deposition testimony in support of their position. They conclude: "Clearly, the Utah Navajo Fair Board believed they were receiving insurance coverage which would cover accidents such as the one that occurred in the instant case." Appellees' Brief at 12. These two positions demonstrate a dispute of a material fact under the circumstances of this case. See Machinery Ctr., Inc., 434 F.2d at 4 ("In the interpretation of binding receipts, the intention of the parties should be the controlling factor.").[4] Accordingly, under the standards of Rule 56, it appears that this case was not ripe for summary judgment.[5] See Williams v. Borden, Inc., 637 F.2d 731, 739 (10th Cir.1980).
 
 
 7
 The judgment of the United States District Court for the District of Utah is REVERSED and the case REMANDED.[6]
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. Rule 36.3
 
 
 [2]
 Appellees claim that Burlington characterizes the insurance contract as an "oral binder" for the first time on appeal. Our review of the record indicates that Burlington did raise and argue, with legal authority, the issue of oral binders to the district court in response to defendants' motions for summary judgment. See Appellant's App. at 353-58
 
 
 [3]
 On appeal, appellant does not challenge this finding as error. Although the court has discretion to hear matters not raised or argued in the district court, we will do so only in unusual circumstances. Rademacher v. Colorado Ass'n of Soil Conservation Dists. Medical Benefit Plan, 11 F.3d 1567, 1571 (10th Cir.1993). Here, manifest error in the district court's order allows us to address the issue. Id. at 1572
 
 
 [4]
 Because of the brevity of the district court's order, it is unclear whether the finding in question relates solely to Burlington's failure to deliver a copy of the written policy after the four-day event, or whether it also relates to Burlington's verbal communications with the Fair representatives before and during the application process, which resulted in the oral binder. It is also unclear whether the district court concluded that the policy for insurance was in force as written, or whether a separate policy for insurance arose under the oral binder. See generally Hibdon v. Truck Ins. Exch., 657 P.2d 1358, 1358 (Utah 1983)(analyzing written binder for ambiguity); Arko v. Farmers Ins. Exch., 516 P.2d 1395, 1397 (Utah 1973)("Verbal contracts for insurance coverage are valid and when entered into may result in temporary coverage."); Long v. United Benefit Life Ins. Co., 507 P.2d 375 (Utah 1973)(discussing the background, purposes, and legal effect of binding receipts); Phoenix Indem. Ins. Co. v. Bell, 896 P.2d 32, 35-36 (Utah Ct.App.1995)(recognizing "binder" as a term of art for a temporary insurance contract and concluding that two separate contractual relationships arose where a binder issued)
 
 
 [5]
 The district court also found that Mr. Mobley was not a "participant" under the policy terms. Whether this ruling is considered a finding of ultimate fact or a mixed question of law and fact, it is, at least in part, necessarily based on the district court's factual finding that Burlington did not communicate the terms and exclusions to the Fair and the reasonable inference therefrom, that the Fair did not intend to purchase a "spectators only" policy. Accordingly, it does not provide an independent and sufficient basis for us to affirm the district court's grant of summary judgment
 
 
 [6]
 We are mindful that specific findings of fact and conclusions of law are unnecessary on summary judgment pursuant to Fed.R.Civ.P. 52(a). Nonetheless, identification of undisputed facts, analysis of the parties' claims, and citation to legal authority would be helpful in our review of the district court's grant of summary judgment. See Gomez v. American Elec. Power Serv. Corp., 726 F.2d 649, 651 n. 4 (10th Cir.1984)