The PEOPLE of the State of Colorado, Petitioner–Appellant,

IN the INTEREST OF M.C.P., a Child,

And Concerning J.K.P. and J.P., Respondents–Appellees.

No. 87CA1674.

Colorado Court of Appeals, Div. II.

Nov. 17, 1988.

Rehearing Denied Jan. 12, 1989.

William Thiebaut, Jr., Sp. County Atty. Pueblo, for petitioner-appellant.

Dorothy A. Radakovich, Pueblo, guardian ad litem.

SMITH, Judge.

The Pueblo County Department of Social Services (DSS) appeals an order which required it to disclose to the guardian ad litem the name and address of the adoptive home in which a child was placed after a dependency and neglect adjudication and disposition. After a motion to terminate the parent-child relationship was filed, the court entered an order requiring DSS to reveal this information to the guardian ad litem (GAL) so that the GAL could prepare a report as required by § 19–3–606, C.R.S. (1988 Cum.Supp.). The court also ordered that the guardian not reveal the information to any person nor state such information in her report. We affirm.

Section 19–3–606, C.R.S. (1988 Cum. Supp.) provides that, upon ordering termination of a parent-child relationship, the court must order that:

"a review hearing be held not later than ninety days following the date of the termination. At such hearing the agency or individual vested with custody of the child shall report to the court what disposition of the child, if any, has occurred, and the guardian ad litem shall submit a written report with recommendations to the court, based upon an independent investigation, for the best disposition of the child."

The GAL asserts that her representation of the child continues until an appropriate placement is effected or until the court's jurisdiction is terminated. DSS contends that, notwithstanding the fact that a GAL is required to submit a written report by statute, no implication exists that the GAL should have access to confidential adoption information.

DSS based its refusal to release the name and address of the adoptive home on one of its internal regulations that prohibited release of such information. This regulation was founded on DSS' own interpretation of, and regulations promulgated pursuant to, § 26–1–114, C.R.S. (1982 Repl.Vol. 11), regarding confidentiality of its records, and its belief that anonymity in adoption situations is preferred under Colorado law.

The conflict in positions between the GAL and DSS centers on the length of a GAL's appointment and the specific proceedings in which a GAL is to be involved. The GAL asserts that representation of a child who is involved in an involuntary ter-

mination must continue until a final decree of adoption is entered. DSS contends that the court having jurisdiction of an adoption proceeding is usually not the court that presided over the termination. And therefore, it argues that the issue of the suitability or fitness of an adoptive home is solely within the jurisdiction of the adoption court.

DSS also asserts that a guardian ad litem's duties are temporary and limited in scope to those proceedings directly related to the termination of the parent-child relationship. It believes that the GAL can fulfill her duties without receiving the name of the adoptive home in which a child is placed. It also asserts that the GAL has no standing and is not a party to the adoption proceedings. We agree with the position of the GAL.

## I.

A separate termination or adoption court does not exist in Colorado. The juvenile court has original and exclusive jurisdiction in numerous proceedings concerning children, including those related to dependency and neglect, termination, and adoption. Section 19–1–104, C.R.S. (1988 Cum.Supp.). Jurisdiction of the juvenile court over a child adjudicated as neglected or dependent continues until the child becomes 21 years old, unless earlier terminated by court order. Section 19–3–205, C.R.S. (1988 Cum. Supp.).

Appointment of a guardian ad litem is not mandatory in proceedings concerning a dependent and neglected child, except when abuse is alleged. See § 19–3–105(1), C.R.S. (1986 Repl.Vol. 8B); and § 19–3–203 and 19–1–111, C.R.S. (1988 Cum.Supp.). Appointment pursuant to that section of the Children's Code continues "until such time as the court's jurisdiction is terminated." Section 19–1–111(4), C.R.S. (1988 Cum. Supp.).

Once a motion to terminate the parent-child relationship is filed, however, a guardian ad litem, who must be an attorney, shall be appointed to represent the child's interests in any hearing determining the involuntary termination; such representa-

tion continues "until an appropriate permanent placement of the child is effected or until the court's jurisdiction is terminated." Section 19–3–602, C.R.S. (1988 Cum.Supp.).

Here, the court appointed the GAL within its discretion at the same time that it entered an order permitting the filing of a petition in dependency and neglect. Had it not appointed the GAL at that early stage of the proceedings, the court would have been required to do so later when the motion to terminate was filed.

## II.

Except when a child is abandoned, adjudication of a child as dependent or neglected is one of the prerequisites to the termination of the parent-child relationship. Section 19–3–604, C.R.S. (1988 Cum.Supp.). Thus, when termination of the parent-child relationship is sought for a dependent and neglected child and the court has appointed a guardian ad litem prior to the filing of the motion to terminate, The Children's Code is somewhat ambiguous as to the length of such guardian ad litem's appointment.

Where a statute is ambiguous, relevant considerations include ascertainment of legislative intent and consideration of the consequences of a particular construction. *In re Petition of U.M. v. District Court,* 631 P.2d 165 (Colo.1981). In interpreting clauses in a statutory scheme which are subject to different constructions, we seek that construction which results in harmony rather than that which produces inconsistency. *Mooney v. Kuiper,* 194 Colo. 477, 573 P.2d 538 (1978).

A guardian ad litem appointed in a dependency and neglect proceeding has broad responsibility in determining what is best for the child even though the state is the exclusive party with authority to file a petition in dependency and neglect. *People in Interest of R.E.,* 729 P.2d 1032 (Colo. App.1986).

Entry of a final decree of adoption is a form of permanent placement contemplated by § 19–3–602, C.R.S. (1988 Cum.Supp.). The selection of an adoptive home for a

child is probably one of the most important decisions that will be made for a child. Initial placement with prospective adoptive parents will not lead to the entry of a final decree of adoption if such adoption does not serve the child's best interests. *See* § 19–5–209(2), C.R.S. (1988 Cum.Supp.).

 The desire and need for confidentiality of the identity of adoptive parents does not limit the responsibilities of a guardian ad litem nor does it minimize the importance of his or her imput into the decision regarding ultimate placement of the child. Moreover, the express need for a guardian ad litem at the stage of termination of a parent-child relationships is not obviated once such termination is effected and the child is available for adoption.

The requirement of § 19–3–606, C.R.S. (1988 Cum.Supp.) that a guardian ad litem independently investigate and recommend a disposition of the child can be implemented while still protecting the confidentiality of adoption proceedings to third parties. *See, Hopp v. Patterman*, 757 P.2d 164 (Colo. App.1988).

Moreover, The Children's Code recognizes the necessity for disclosure of information regarding the prospective home of a child placed for adoption. Section 19–5–207(3), C.R.S. (1988 Cum.Supp.) allows parties to an adoption proceeding to review the written report prepared by county departments of social services or child placement agencies so long as names of the adoptive parents are not made available, except upon order of court. Also, under The Children's Code as repealed and reenacted, anonymity is limited only to the identity of the natural parents and the child. The requirement of confidentiality is omitted as to the identity of the adoptive parents. *Compare* § 19–4–104, C.R.S. (1986 Repl.Vol. 8B) with §§ 19–5–106 and 19–5–215, C.R.S. (1988 Cum.Supp.). Records under both versions of the Children's Code have been open to inspection upon order of court for good cause shown. *See* § 19–4–104, C.R.S. (1986

Repl.Vol. 8B) and §§ 19–5–106 and 19–5–215, C.R.S. (1988 Cum.Supp.).

 Consequently, we conclude that the length of the appointment of a guardian ad litem appointed prior to, or during, adjudication and disposition is the same as that for a guardian ad litem appointed only after the filing of a motion to terminate. Such appointment continues until entry of a final decree of adoption or until the jurisdiction of the juvenile court is terminated either by operation of law or by court order.

Accordingly, the order of the trial court is affirmed.

REED and ENOCH,* JJ., concur.