# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 26

**OCTOBER TERM, A.D. 2013**

**February 21, 2014**

LEWIS HOLDING COMPANY, INC., a
Wyoming Corporation,

Appellant
(Plaintiff),

v.

No. S-13-0093

FORSBERG ENGERMAN COMPANY, a
Colorado Corporation, NTA, INC., an Indiana
Corporation, and LEXINGTON INSURANCE
COMPANY,

Appellees
(Defendants).

*Appeal from the District Court of Sheridan County*
*The Honorable John G. Fenn, Judge*

*Representing Appellant:*

James P. Castberg, Castberg Law Office, Sheridan, Wyoming.

*Representing Appellee, Forsberg Engerman Company:*

Weston W. Reeves and Anna M. Reeves Olson, Park Street Law Office, Casper,
Wyoming. Argument by Ms. Olson.

*Representing Appellees, NTA, Inc. and Lexington Insurance Company:*

Jason A. Neville and David E. Shields, Williams, Porter, Day & Neville, P.C.
Casper, Wyoming. Argument by Mr. Shields.

*Before KITE, C.J., and HILL, VOIGT\*, BURKE, and DAVIS, JJ.*

*\*Justice Voigt retired effective January 3, 2014.*

NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**BURKE, Justice.**

[¶1]     In this insurance coverage dispute, the district court granted summary judgment in favor of defendants Lexington Insurance Company, NTA, Inc., and Forsberg Engerman Company, and against plaintiff Lewis Holding Company, Inc.  Lewis Holding challenges that ruling on appeal.  We will affirm.

## *ISSUES*

[¶2]     Lewis Holding presents two issues:

> 1.     Did the trial court err in granting the defendants' motions for summary judgment on the issue of estoppel?
>
> 2.     Did the trial court err in granting the defendants' motions for summary judgment on the issue of breach of the covenant of good faith and fair dealing?

## *FACTS*

[¶3]     Lewis Holding is a Wyoming corporation engaged in the trucking business. Lexington is an insurance company, and NTA provides insurance adjusting services to Lexington.  Forsberg is the insurance agency that helped Lewis Holding purchase insurance from Lexington.

[¶4]     In October, 2010, one of Lewis Holding's side-dump trailers was damaged while unloading.  Details of the incident are unclear, but it is undisputed that the trailer partially turned over and its back wheels were lifted off the ground.  Lewis Holding filed an insurance claim, which Lexington paid.

[¶5]     In April, 2011, another of Lewis Holding's side-dump trailers was damaged. Again, details are unclear, but it is undisputed that this trailer did not turn over and its wheels never left the ground.  As before, Lewis Holding filed an insurance claim.  NTA's adjuster examined the trailer.  Based on his report, NTA issued a reservation of rights letter on Lexington's behalf, indicating that the damage may not be covered by the policy because it was due to mechanical failure or wear and tear.  After the trailer was inspected a second time, Lexington denied the insurance claim on the basis that the damages were not the result of an upset or collision, but rather "the result of improper welding from previous repairs."

[¶6]     Lewis Holding filed suit against Lexington, NTA, and Forsberg.  It claimed that the damage was covered by the insurance policy.  It further claimed that the defendants had breached the covenant of good faith and fair dealing by failing to pay the claim.

1

[¶7]    Lexington and NTA moved for summary judgment, pointing out that the insurance policy covered loss or damage caused by "upset," but excluded coverage for loss or damage "resulting from wear and tear" or "mechanical . . . failure." They explained that Lexington paid the 2010 claim because the wheels of the trailer were off the ground, which constituted an "upset." They asserted that coverage was properly denied for the 2011 incident because the damage was due to "wear and tear" and "mechanical breakdown." Forsberg also moved for summary judgment on the basis that it was not a party to the insurance contract between Lewis Holding and Lexington. Forsberg asserted that it could not be liable for the insurance claim because it was only an agent, not the insurer.

[¶8]    The district court granted the defendants' motions for summary judgment. Lewis Holding challenges that decision in this appeal.

## *STANDARD OF REVIEW*

[¶9]    When reviewing a district court's decision to grant summary judgment, we apply a familiar standard of review:

> Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. W.R.C.P. 56(c); *Metz Beverage Co. v. Wyoming Beverages, Inc.*, 2002 WY 21, ¶ 9, 39 P.3d 1051, 1055 (Wyo. 2002). "A genuine issue of material fact exists when a disputed fact, if it were proven, would establish or refute an essential element of a cause of action or a defense that the parties have asserted." *Id*. Because summary judgment involves a purely legal determination, we undertake *de novo* review of a trial court's summary judgment decision. *Glenn v. Union Pacific R.R. Co.*, 2008 WY 16, ¶ 6, 176 P.3d 640, 642 (Wyo. 2008).

*Jacobs Ranch Coal Co. v. Thunder Basin Coal Co., LLC*, 2008 WY 101, ¶ 8, 191 P.3d 125, 128-129 (Wyo. 2008).

## *DISCUSSION*

## I. Estoppel

### A. Claims against Lexington Insurance Company and NTA, Inc.

[¶10]  In support of their motion for summary judgment, Lexington and NTA submitted

2

a copy of the insurance agreement between Lewis Holding and Lexington. Two of the policy's provisions were highlighted. The portion entitled "PERILS COVERED" included the following language:

> Section A. Collision or Upset.
>
> This Section covers loss of or damage to vehicle caused by accidental collision of the vehicle with another object, or by upset, provided always that the deductible specified in the Schedule shall be deducted from the amount of each loss or damage to each vehicle.

The portion entitled "EXCLUSION" provided that coverage under the policy did not apply to loss or damage "resulting from wear and tear, freezing or over-heating, mechanical or electrical breakdown or failure, unless such damage is [a] direct result of perils covered under this policy."

[¶11] Paul Lewis, a former stockholder, director, and officer of Lewis Holding, testified in his deposition that the trailer almost tipped over in the 2010 incident, and the rear wheels were off the ground. Because this incident involved an "upset," which is covered under the insurance agreement, Lexington paid the claim. Mr. Lewis also testified that, in the 2011 incident, the wheels of the trailer remained on the ground, and during normal operations, some part of the trailer broke. There was no "upset," as had occurred in the earlier incident. Lexington provided the report of an expert in the inspection, examination, and investigation of mechanical systems, who concluded that the trailer involved in the 2011 incident had been "compromised due to improper welding techniques," and the damage was due to mechanical failure. Because the insurance agreement excludes damages resulting from mechanical failure, Lexington declined to pay the insurance claim for the 2011 incident.

[¶12] Lewis Holding does not dispute that the language of its insurance policy indicates that "upset" incidents are covered while "mechanical failure" is excluded. It insists, however, that the 2011 incident was "similar" to the 2010 incident, and because Lexington paid the 2010 claim, it is estopped from denying the 2011 claim. Lewis Holding cites several cases involving estoppel, including *State Farm Mut. Auto. Ins. Co. v. Petsch*, 261 F.2d 331, 335 (10th Cir. 1958), in which the Tenth Circuit Court of Appeals explained as follows:

> Estoppel is governed by equitable considerations. Equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded from asserting rights which might otherwise have existed as against another person

who has in good faith relied upon such conduct and has been led thereby to change his position for the worse.

Lewis Holding argues that Lexington's payment of the 2010 claim, "plus its failure to notify [Lewis Holding] that this type of loss might not be covered" are sufficient to establish Lewis Holding's claim of estoppel.

[¶13]   A careful reading of the *State Farm* decision reveals that it does not support Lewis Holding's claim.  Following its explanation of equitable estoppel, the court continued to say that "the coverage of an insurance policy may not be extended by waiver or estoppel. This is in accord with general law."  *State Farm*, 261 F.2d at 335.  It is also in accord with Wyoming law:

> In the case of *Sowers v. Iowa Home Mutual Casualty Insurance Company*, 359 P.2d 488 (Wyo. 1961), the insured made estoppel and waiver arguments against the insurer on the basis of representations that had been made by the insurer's agent.  In that case we held, citing extensive authority, that conditions going to coverage could not be extended by acts of the insurer or its agent under the doctrines of estoppel and waiver. In stating this rule, we quoted "16 Appleman, Insurance Law and Practice, pp. 629, 630 (1944)" at length, including the following passages:
>
> > "It has been broadly stated that the doctrines of waiver and estoppel cannot be used to extend the coverage of an insurance policy or create a primary liability, but may only affect rights reserved therein. * * * [U]nder no conditions can the coverage or restrictions on coverage be extended by waiver or estoppel. * * *
> >
> > "While a for[]feiture of benefits contracted for in an insurance policy may be waived, the doctrine of waiver or estoppel cannot create a liability for benefits not contracted for.  Nor may a contract, under the guise of waiver, be reformed to create a liability for a condition specifically excluded by the specific terms of the policy. * * *
> >
> > "The doctrine of implied waiver or estoppel is not available to bring within the coverage of an

4

> insurance policy risks that are not covered by its terms or that are expressly excluded therefrom * * *."
>
> *Sowers*, 359 P.2d at 493. We have applied this principle in the more recent cases of *Ricci* [*v. New Hampshire Ins. Co.*], 721 P.2d 1081 [(Wyo. 1986)], and *Tadday v. National Aviation Underwriters*, 660 P.2d 1148 (Wyo. 1983). *See also State Farm Mutual Automobile Insurance Company v. Petsch*, 261 F.2d 331 (10th Cir. 1958) (insurer's agent's express representation to insured that policy fully protected the insured against an employee's claim did not estop the insurer from denying coverage where it was plainly excluded by the policy); and 16B J.A. Appleman and J. Appleman, Insurance Law and Practice § 9090 (1981) (reciting and describing the general rule).

*St. Paul Fire & Marine Ins. Co. v. Albany County Sch. Dist.*, 763 P.2d 1255, 1261-1262 (Wyo. 1988).

[¶14] In the current case, the insurance agreement between Lewis Holding and Lexington plainly and unambiguously excludes coverage for damages due to mechanical failure. The doctrine of estoppel cannot be used to extend the insurance coverage to include risks that are expressly excluded by the policy. The district court did not err in granting summary judgment in favor of Lexington and NTA.

## B. Claim against Forsberg Engerman Company

[¶15] The factual basis for Lewis Holding's claims against Forsberg is that Lewis Holding "dealt solely with Forsberg," and made its insurance payments to Forsberg. The insurance policy had been mailed to Lewis Holding from Forsberg's office. While acknowledging that Lexington issued the insurance policy at issue, Lewis Holding contends that it had no direct dealings with Lexington. Lewis Holding has not, however, presented any legal authority that supports its claim that these facts are sufficient to render Forsberg liable under an insurance contract between Lewis Holding and Lexington.

[¶16] Forsberg, in contrast, cites cases from several jurisdictions applying the rule that an insurance agent who is not a party to an insurance contract cannot be held liable for insurance claims. For example, in *Shrewsbery v. National Grange Mut. Ins. Co.*, 395 S.E.2d 745, 748 (W.Va. 1990), the West Virginia court stated that an insurance agent "is not party to a contract with the insured; rather, he helps the company procure and service the company's contract with the insured." Forsberg also quotes *Hogan v. Postin*, 695 P.2d 1042, 1045 (Wyo. 1985), for the principle that, "Absent an agreement to assume

liability for nonperformance of a contract, an agent is not personally liable." *Hogan* did not involve an insurance agent, but it provides general support for Forsberg's assertion that an insurance agent cannot be held liable under an insurance contract to which it is not a party.

[¶17] We agree with Forsberg's assertion. Forsberg was the agent who helped Lewis Holding obtain its insurance, but it is not a party to that insurance policy. Lewis Holding does not contend that Forsberg agreed to assume liability under the insurance policy, and it offers no other factual basis or legal theory for holding Forsberg liable under the insurance policy. The district court correctly granted Forsberg's motion for summary judgment.

## II. *Covenant of Good Faith and Fair Dealing*

[¶18] Lewis Holding also asserted claims against Lexington, NTA, and Forsberg for breach of the covenant of good faith and fair dealing. In the insurance context, we have held that "[t]o prove a claim for bad faith, a plaintiff must demonstrate (1) the absence of a reasonable basis for denying benefits of the policy and (2) the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Matlack v. Mountain West Farm Bureau Mut. Ins. Co.*, 2002 WY 60, ¶ 19, 44 P.3d 73, 81 (Wyo. 2002). We have previously concluded that Lexington, NTA, and Forsberg were not liable to Lewis Holding under the insurance policy. This conclusion also establishes that these parties had reasonable bases for denying Lewis Holding's claim. We therefore affirm the district court's grant of summary judgment in their favor on Lewis Holding's claim for breach of the covenant of good faith and fair dealing.